UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JESUS SANTIAGO,

                      Plaintiff,                12-cv-02137 (KAM) (MDG)

        -against-

                                                   **DECLARATION OF**

BRIAN FISCHER, individually and as       **MICHAEL J. KEANE**
Commissioner of the New York State
Department of Corrections and Community
Supervision, et. al.,

                      Defendants.
------------------------------------------------------------------x

      **MICHAEL J. KEANE,** pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the foregoing is true and correct:

      1.    I am an Assistant Attorney General in the office of ERIC T. SCHNEIDERMAN, Attorney General of the State of New York, and submit this declaration in support of defendants' motion for summary judgment.[1]

      2.    This declaration is submitted for the limited purpose of providing the Court reference to documents and other information material to the issues in this action.

### **POST-RELEASE SUPERVISION ("PRS") IN THE STATE OF NEW YORK**

      3.    PRS was introduced to New York State in 1998, when the Legislature revised its sentencing procedures for violent felony offenders subject to determinate sentences, replacing parole with mandatory PRS (a period of supervision occurring after release to parole which extends beyond the expiration of a determinate sentence). See Act of Aug. 6, 1998, ch.1, 1998 N.Y. Laws 1, codified as Penal Law §70.45 ("Jenna's Law").

      4.    Since Jenna's Law was enacted, courts, court administrators, commentators, district

---

[1] Defendants, current or former officials of the New York State Department of Correctional Services ("DOCS") or Division of Parole ("Parole"), at the relevant times separate agencies, but now merged into the Department of Corrections and Community Supervision ("DOCCS").

attorneys, and criminal defense lawyers considered PRS as a mandatory part of a criminal sentence imposed by "operation of law," as an "automatic" consequence of an offender's conviction after trial or plea. See People v. Catu, 4 N.Y.3d 242, 244 (2005).

5. Criminal defense lawyers for the Legal Aid society advised their client defendants who were violent felony offenders that PRS would be included in their sentences. See Memorandum to all criminal defense lawyers at the Legal Aid Society, dated August 20, 1998 (the "Legal Aid Memorandum") (directing attorneys to inform criminal defendants who would be subject to PRS that the consequence of their conviction or plea was a term of PRS, as Jenna's Law created "a new period of 'post-release supervision' that henceforth must be imposed by the court upon all violent offenders"), attached hereto as Ex. A.[2]

6. Legal commentators also viewed PRS as an "automatic" component of a violent felony offender's sentence. See William C. Donnino, Practice Commentaries to Penal Law Article 70, 39 McKinney's Cons. Law of N.Y. at 70 (2004) (any "determinate sentence of imprisonment for crimes committed on or after September 1, 1998, includes a period of 'post-release supervision' as provided for in Penal Law § 70.45"); Richard A. Greenberg, et al., New York Criminal Law, § 3:16 (2d ed. 2002) (PRS "is a component of every determinate term of imprisonment"); and Spiros A. Tsimbinos, New York's "Jenna's Law": Text and Analysis (New York: Matthew Bender, 1998), 20-21 (PRS term "is to be deemed a part of the determinate term").

7. After Earley v. Murray, and until the New York Court of Appeals decided People v. Sparber, 10 N.Y.3d 457 (2008) and Matter of Garner v. Dep't of Corr. Servs., 10 N.Y.3d 358

---

[2] The Legal Aid Memorandum was produced to in response to a subpoena from The Kings County District Attorney's Office, directed to Leonard Joblove, Esq., on February 22, 2007, in connection with discovery in the ongoing proceedings in the Eastern District of New York upon remand from the Second Circuit in Earley v. Murray, 451 F. 3d 71 (2d Cir. 2006).

(2008), many State courts, including the Court of Appeals, continued to hold for almost two years that PRS was automatically imposed by operation of law as a direct consequence of a conviction. See, e. g., People v. Hill, 9 N.Y.3d 189, 191 (2007) (PRS is a "direct consequence of the plea"); and People v. Keile, 13 Misc. 3d 1204 (S. Ct. N.Y. Cty. 2006) (PRS is automatic).

8.  After the Second Circuit decision in Earley v. Murray in June 2006 and until the New York Court of Appeals decisions in Garner and Sparber in April 2008, the District Attorneys across New York State considered PRS to be automatically imposed by operation of law. See e. g., Brief of Respondent New York County, Robert M. Morgenthau, District Attorney, Mark Dwyer and David M. Cohn, *of Counsel*, Initial Brief of Appellee-Respondent, 2007 N.Y. App. Ct. Briefs LEXIS 16, at *6, People v. Sparber, Court of Appeals of New York, December 27, 2007 ("[i]n short, under New York law, defendant's 5-year PRS term was a mandatory, automatic, and immediate consequence of his determinate prison sentence," which term "applies regardless of whether the trial court 'pronounced' it at the sentencing hearing").

9.  After the Second Circuit decision in Earley v. Murray in June 2006 and until the New York Court of Appeals decisions in Garner and Sparber in April 2008, hundreds of violent felony offenders serving PRS terms, then in the custody of DOCS or under Parole supervision, challenged those PRS terms, naming DOCS and Parole as respondents in courts throughout the State, and seeking to have such terms expunged, through Article 78 and Article 70 (State habeas corpus) proceedings (seeking mandamus, prohibition, or habeas corpus relief). Under my direction, the Office of the Attorney General has maintained records of these Article 78 and State habeas proceedings. In those proceedings, DOCS and Parole, as respondents, took the position, consistent with that of the District Attorneys, that PRS "was a mandatory, automatic, and immediate consequence of" a conviction.

3

10. After the Second Circuit decision in Earley v. Murray in June 2006 and until the New York Court of Appeals decisions in Garner and Sparber in April 2008, DOCS and Parole, in responding to Article 78 and Article 70 habeas proceedings challenging PRS terms, took the position that PRS issues should be decided by the sentencing courts, and sought to have the Article 70 and Article 78 courts transfer or refer petitioners to their sentencing courts or otherwise dismiss petitions so that the petitioners would seek relief in their sentencing courts. See e. g., "Affirmation In Opposition to Petition For Habeas Corpus," in People ex rel. Elliot Garner, Bronx County Supreme Court Index No. 75060-07, Supreme Court, Bronx County, April 16, 2007 (respondent Parole requests that the Article 70 court "defer to [petitioner's] sentencing court," which has "the authority to" correct or modify petitioner's sentence); and "Memorandum of Law In Support of Respondent's Cross-Motion To Dismiss the Petition or transfer Venue," in Matter of the Application of Zhi F. Pan, Kings County Supreme Court Index No. 37058/2006, Supreme Court, Kings County, March 29, 2007 (respondent DOCS requests that the Article 78 court defer to the sentencing court, "to permit petitioner to seek relief from the sentencing court," or otherwise dismiss the petition for failure to name a necessary party, the District Attorney of Erie County, whose interest in the PRS sentencing issues makes the prosecutor the real party in interest). DOCS and Parole, through responding to hundreds of Article 70 and 78 proceedings arising out of PRS repeatedly requested that PRS issues be addressed by the criminal sentencing courts in the first instance, where petitioners could, with counsel, seek modification of their sentences and the District Attorneys could seek resentencing.

11. Although DOCS and Parole asked Article 70 and 78 courts to refer PRS matters to the sentencing courts, such courts rarely granted such applications. Indeed, in the habeas proceeding brought in the Bronx County Supreme Court by a named plaintiff in the Betances class

action pending in the Southern District of New York, the Bronx County Supreme Court denied the application of Parole to transfer the matter to the criminal court, and in declining to refer the proceedings, stated that the court did not have the authority to transfer petitioner to the criminal court in order to resolve the PRS issues. See decision attached as Ex. F to the Declaration of Steven H. Philbrick, dated December 23, 2016, and submitted herewith.

12. New York's sentencing statutes provide that the People of the State of New York are time-barred from making a motion to set aside a sentence more than a year after the entry of judgment. See Criminal Procedure Law § 440.40.

13. After Garner and Sparber, DOCS, Parole and the State of New York filed a declaratory judgment action against a putative class of defendants in the New York Supreme Court, Albany County, seeking judicial approval of a plan to systematically refer each and every potentially illegally sentenced individual back to the sentencing courts for review of the sentence and possible resentencing. Attached hereto as Exhibit B is a copy of the Complaint for Declaratory Judgment, dated June 4, 2008, in The State of New York, The New York State Department of Correctional Services, and The New York State Division of Parole v. Michael Myers, Roger Smalls, Jesus Negron, and Malcolm Carter, individually and on behalf of all others similarly situated (Index No. 4843-08) (Supreme Court, Albany County).

14. After Garner and Sparber, the New York Legislature enacted a new statutory framework establishing a statewide procedure for state criminal courts to determine whether violent felony offenders' terms of PRS had been pronounced and to resentence offenders where pronouncement had not occurred. The new statute, effective June 30, 2008, authorized DOCS or Parole to notify a sentencing court when it appeared that an inmate or parolee may not have had his PRS term judicially pronounced in court. The sentencing court was then required by the

legislature to initiate and schedule a prompt proceeding to consider resentencing, at which the District Attorney and the criminal defendant would be heard. Id. § 601-d(4)(c)-(d).

15. The State's and DOCS' and Parole's application for injunctive relief was denied in late June 2008. See State of New York v. Myers, 870 N.Y.S. 2d 757, 760 (Sup. Ct. Albany Cty. December 24, 2008).

16. Immediately after that application was denied, the New York State Legislature passed Correction Law §601-d in June 2008 (effective July 2008), enacting relief sought in the State's declaratory judgment action. See Governor's Program Bill #73, attached as Ex. E to 2013 Keane Decl. The new legislation authorized DOCS and Parole for the first time to notify a sentencing court when it appeared that an offender may not have had a PRS term orally pronounced by a judge. Upon such notification, the sentencing court took control of the process, convening a resentencing hearing at which the district attorney and the criminal defendant (but not DOCS or Parole officials) would be heard. DOCS and Parole were permitted under the remedial legislation to excise an inmate's PRS term from agency records (and release the inmate or parolee) only if the court, at the resentencing, found that PRS had not been pronounced at the original sentencing and, with the district attorney's consent, declined to resentence the offender to PRS. See Correction Law § 601-d.

17. Under Correction Law § 601-d, State officials, including defendants herein, were required to refer those with PRS sentences back to their sentencing courts upon becoming aware that PRS had not been judicially imposed, but § 601-d created no legislatively express power or duty for DOCS or Parole to procure records identify those individuals with administratively imposed PRS, see Corr. Law § 601-d. stating only that "*whenever it shall appear* to the satisfaction of the department that an inmate in its custody or that a releasee under its supervision,

is a designated person [a person without a judicially-imposed PRS sentence], the department shall make notification of that fact to the court that sentenced such person, and to the inmate or releasee" (emphasis added).

18. DOCS and Parole entered into a Memorandum of Understanding in July 2008 with the New York State Office of Court Administration ("OCA") (attached as Exhibit C) to refer individuals potentially requiring resentencing to their sentencing courts in stages, in order to relieve the State courts of the burdens of resentencing.

19. Attached hereto as Exhibit D is a copy of the Declaration of Anthony J. Annucci, dated May 8, 2015, submitted in Betances v. Fischer (No. 11-Civ.-3200) pending in the Southern District of New York.

20. Attached hereto as Exhibit E is a copy of the Declaration of Richard deSimone, dated May 8, 2015, submitted in submitted in Betances v. Fischer (No. 11-Civ.-3200) pending in the Southern District of New York.

21. Attached hereto as Exhibit F is a copy of the Affirmation of Anthony J. Annucci, dated June 4, 2008, filed in The State of New York, The New York State Department of Correctional Services, and The New York State Division of Parole v. Michael Myers, Roger Smalls, Jesus Negron, and Malcolm Carter, individually and on behalf of all others similarly situated (Index No. 4843-08) (Supreme Court, Albany County).

22. Attached hereto as Exhibit G is a copy of the Affirmation of Terrence X. Tracy, dated June 4, 2008, filed in The State of New York, The New York State Department of Correctional Services, and The New York State Division of Parole v. Michael Myers, Roger Smalls, Jesus Negron, and Malcolm Carter, individually and on behalf of all others similarly situated (Index No. 4843-08) (Supreme Court, Albany County).

23. Attached hereto as Exhibit H is a copy of the Transcript of the Preliminary Injunction Hearing dated June 20, 2008 in The State of New York, The New York State Department of Correctional Services, and The New York State Division of Parole v. Michael Myers, Roger Smalls, Jesus Negron, and Malcolm Carter, individually and on behalf of all others similarly situated (Index No. 4843-08) (Supreme Court, Albany County).

24. Attached hereto as Exhibit I is a copy of the Declaration of Anthony J. Annucci, dated July 18, 2011, filed in Earley v. Annucci, et al., in the Northern District of New York, Docket No. 08-Civ.-669.

Dated: New York, New York
       December 23, 2016

                                                     /s/
                                            Michael J. Keane
                                            Assistant Attorney General
                                            120 Broadway, 24th Floor
                                            New York, New York 10271
                                            (212) 416-8550