

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | | |
|---|---|---|
| LETITIA JAMES<br>Attorney General | 212-416-8550 | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

June 2, 2022

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Re: <u>Jesus Santiago v. Cuomo, et al.</u> (12-CV-2137) (KAM) (SLT)

Dear Judge Matsumoto:

This Office represents defendant Department of Corrections and Community Supervision ("DOCCS") officials Annucci, Fischer and Tracy ("Defendants") in the above-referenced action arising out of post-release supervision ("PRS"), in which a trial on damages is to be scheduled.

On September 30, 2017, the Court decided motions for summary judgment, finding liability, but limiting the period of liability to the months between June 2007 and February 2008. On September 23, 2019, the Court denied Defendants' motion to limit Plaintiff to nominal damages. At that time, the Court found that Defendants had not established that there were no disputed issues of fact as to whether Plaintiff was entitled to no more than nominal damages, or as to whether compensatory or punitive damages should otherwise be limited.

In 2020, Plaintiff's then-counsel was relieved, and the action was prosecuted, *pro se*, for over a year, until May 2021.

During that time, Plaintiff *pro se* asked that discovery be re-opened, and sought additional discovery, including documents and other information regarding his State of Virginia and federal incarcerations (in Virginia and West Virginia) for convictions in the State of Virginia and the Eastern District of Virginia.

The information gathered in response to Plaintiff's requests establishes that Plaintiff was at all relevant times under supervision by federal or Virginia authorities, concurrently with his New York PRS. Further, Defendants contend that the 8 months Plaintiff served on PRS on New York was also a

period of time in which Plaintiff would have been required to serve sentences for convictions in those other jurisdictions. Specifically, Plaintiff (i) was serving a 10-year sentence, 8 years of which was suspended, for a conviction in Fairfax County, Virginia, Circuit Court, arising out of an offense that occurred on October 30, 2005, and (ii) was serving a 37-month sentence with 4 years of supervision for a conviction in the Eastern District of Virginia (CR-0251), arising out of an offense involving distribution of crack cocaine.

The undisputed facts establish that Plaintiff's supervision under the Virginia and federal sentences should limit his claims to nominal damages for the period of time for which the Court found Defendants liable, as such time would have been time Plaintiff was subject to other jurisdictions' supervision.

Accordingly, in the interest of judicial economy, Defendants propose a motion pursuant to which the Court may dispose of such claims for damages, and request a conference at which the proposed motion may be discussed and scheduled.

Thank you for your attention to this matter.

Respectfully submitted,

_____/s_____
Michael J. Keane
Assistant Attorney General
Office of the Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
michael.keane@ag.ny.gov

cc:

Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Rob Rickner, Esq.
14 Wall Street, Suite 1603
New York, New York 10005
Rob@ricknerpllc.com