UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JESUS SANTIAGO,

                     Plaintiff,

        - against -                                09-CV-1383 (KAM) (SLT)

ANDREW CUOMO, et al.,

                     Defendants.
---------------------------------------------------------------


**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTIONS *IN LIMINE***
**TO LIMIT EVIDENCE AS TO DAMAGES AND TO PERMIT DEFENDANTS**
**TO QUESTION PLAINTIFF ON HIS CRIMINAL AND PAROLE HISTORY**

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
28 Liberty Street / 18TH Floor
New York, New York 10005
(212) 416-8550


MICHAEL J. KEANE
Assistant Attorney General

Dated:  July 13, 2022

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ...................................................................... 1

RELEVANT PROCEDURAL HISTORY ........................................................ 3

FACTS RELEVANT TO THIS MOTION ....................................................... 4

ARGUMENT ................................................................................................ 9

POINT I       PLAINTIFF SHOULD BE PRECLUDED FROM SPECULATING THAT,
              IF HE HAD BEEN REFERRED FOR RESENTENCING EARLIER, HIS
              STATE SENTENCING COURT WOULD HAVE RELIEVED HIM OF
              PENAL LAW §70.45, OR THAT PLAINTIFF WOULD OTHERWISE HAVE
              BEEN AT LIBERTY, GIVEN HIS FEDERAL AND STATE OF VIRGINIA
              SENTENCES ............................................................................... 10

   A.  Plaintiff Should Be Precluded From Speculating That He Would Have Been Sentenced
       Without PRS If He Had Been Resentenced Before February 6, 2008 .............................. 10

   B.  The Jury Should Be Instructed As To Plaintiff's Concurrent Sentences Imposed By
       Courts In The State of Virginia And The Eastern District of Virginia        .................... 11

POINT II       DEFENDANTS SHOULD BE ALLOWED TO ARGUE THAT THEY
               WERE NOT THE CAUSE OF HIS DAMAGES, AS OTHER
               STATE ACTORS, INCLUDING DISTRICT ATTORNEYS
               AND JUDGES, WOULD NOT HAVE PURSUED RESENTENCINGS
               AT THE TIMES RELEVANT TO PLAINTIFF'S CLAIMS ............................... 12

POINT III      DEFENDANTS SHOULD BE ALLOWED TO CROSS-EXAMINE
               PLAINTIFF ON HIS CRIMINAL AND PAROLE HISTORY ........................... 14

CONCLUSION ................................................................................................ 21

## TABLE OF AUTHORITIES

**CASES**                                                                     **Page(s)**

Amaker v. Coombe,
   No. 96 Civ. 1622, 2003 WL 21222534 (S.D.N.Y. May 27, 2003)...........................................15

Awelewa v. New York City,
   2012 WL 601119, No. 11-cv-778 (S.D.N.Y. Feb. 23, 2012) ...................................................11

Betances v. Fischer,
   144 F. Supp.3d 441 (S.D.N.Y. 2015), aff'd, Betances v. Fischer, 837 F.3d 162
   (2d Cir. 2016)...................................................................................................................1, 13

Betances v. Fischer,
   837 F.3d 162 (2d Cir. 2016)...............................................................................................7, 13

Brundidge v. City of Buffalo,
   79 F. Supp. 2d 219 (W.D.N.Y. 1999) .........................................................................16, 18-19

Buhrle v. Earley,
   551 U.S. 1159 (2007).................................................................................................................8

Carey v. Piphus,
   435 U.S. 247 (1978)................................................................................................................12

Commings v. Malone,
   985 F.2d 817 (8th Cir. 1993) .................................................................................................19

Crenshaw v. Herbert,
   409 Fed. Appx. 428 (2d Cir. 2011)...................................................................................17-18

Daniels v. Loizzo,
   986 F. Supp. 245 (S.D.N.Y. 1997) ...........................................................................15-16, 18-19

Earley v. Murray,
   451 F.3d 71 (2d Cir. 2006) (Earley I), reh'g denied, 462 F.3d 147 (2d Cir.
   2006) (Earley II), cert. denied, sub nom., Burhlre v. Earley, 551 U.S. 1159
   (2007)................................................................................................................................passim

Farrar v. Hobby,
   506 U.S. 103 (1992)................................................................................................................12

Hassell v. Fischer,
   96 F. Supp. 370 (S.D.N.Y. 2017), aff'd, 87 F. 3d 41 (2d Cir. 2018).........................................2

Kramer v. Time Warner, Inc.,
   937 F.2d 767 (2d Cir. 1991)...................................................................................................11

Lewis v. Velez,
    149 F.R.D. 474 (S.D.N.Y. 1993) .......................................................................18

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006)............................................................................11

Martinez v. California,
    444 U.S. 277 (1980) .......................................................................................12

Matter of Garner v. Dep't of Corr. Servs.,
    10 N.Y.3d 358 (2008) ...................................................................................4, 8

Miner v. City of Glens Falls,
    999 F.2d 655 (2nd Cir. 1993) ........................................................................12

People v. Sparber,
    10 N.Y.3d 457 (2008) ...................................................................................4, 8

Picciano v. McLoughlin,
    No. 07 Civ. 781, 2010 WL 4366999 (N.D.N.Y. Oct. 28, 2010).........................17

Poventud v. City of New York,
    750 F.3d 121 (2d Cir. 2016).............................................................................9

Sanabria v. State of New York,
    29 Misc. 3d 988 (Ct. Cl. 2010) .......................................................................17

Sedney v. Blot,
    No. 00-CV-1302, 2003 U.S. Dist. LEXIS 21364 (S.D.N.Y. Dec. 1, 2003) ...........20

Smith v. City of New York, et al.,
    2013 WL 5942224, No. 12-cv-4891 (S.D.N.Y. Nov. 6, 2013)...........................11

U.S. v. Hayes,
    553 F.2d 824 (2d Cir. 1977)...........................................................................18

United States v. Estrada,
    430 F.3d 606 (2d Cir. 2005)....................................................................... 15-16

United States v. Pedroza,
    750 F.2d 187 (2d Cir. 1984)...........................................................................16

Warren v. Pataki,
    823 F.3d 125 (2d Cir. 2016)......................................................................10, 12

White v. City of New York,
    2017 U.S. Dist. LEXIS 131614 ........................................................................9

Wims v. New York City Police Dep't,
  2011 WL 2946389, No. 10-cv-6128 (S.D.N.Y. July 20, 2011)...............................................11

**FEDERAL STATUTES**

42 U.S.C.
  § 1983..................................................................................................................1, 9

**STATE STATUTES**

New York Correction Law
  § 601-d..................................................................................................................7

New York Penal Law
  § 70.45..................................................................................................................2, 10

**RULES**

Fed. R. Evid. 201 ....................................................................................................11

Fed. R. Evid. 403 ................................................................................................14-15

Fed. R. Evid. 609 ....................................................................................................14

Fed. R. Evid. 609, 402 and 403................................................................................2, 14

Fed. R. Evid. 609(a) ................................................................................................14

Fed. R. Evid. 609(a)(1) .......................................................................................14-16

Fed. R. Evid. 609(b) .......................................................................................15-16, 18

Fed. R. Evid. 609.04(2)(a) ......................................................................................16

999 F.2d at 660 ......................................................................................................12

## PRELIMINARY STATEMENT

Defendants Brian Fischer, Anthony Annucci, and Terrence Tracy ("Defendants"),[1] by their attorney Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion *in limine* seeking to limit the evidence at trial of the remaining issues in this 42 U.S.C. § 1983 action to damages, if any, caused by Defendants as a result of their delay, after August 31, 2006,[2] in referring Plaintiff Jesus Santiago ("Plaintiff") for resentencing to a term of post-release supervision ("PRS") pursuant to his 2001 New York State criminal sentence.[3]

Plaintiff at all relevant times he was serving PRS, however, was serving terms of incarceration or supervision in the State of Virginia or in the federal system.

Accordingly, the Court should limit the evidence as to Plaintiff's damages, and order that:

(1) Plaintiff must meet his burden to prove that his life would have been different had Defendants referred him for resentencing between June 12, 2007 and February 6, 2008, as Plaintiff's damages arising out of PRS are limited to damages resulting from the procedural due process violation for which Defendants have been found liable;

---

[1] Defendants are current or former officials of the Department of Corrections and Community Supervision ("DOCCS"), a 2011 merger of the Department of Correctional Services ("DOCS") and the Division of Parole ("Parole"). At relevant times, Defendant Fischer was DOCS Commissioner, Defendant Annucci, now DOCCS Acting Commissioner, was DOCS Executive Deputy Commissioner and Counsel, and Defendant Tracy was Parole Counsel.

[2] August 31, 2006, is the date on which rehearing *en banc* was denied in Earley v. Murray and the date after which Defendants were denied qualified immunity as to their efforts to address criminal sentences where State court judges did not pronounce legislatively-mandated PRS terms. See Earley v. Murray, 451 F.3d 71 (2d Cir. 2006) (Earley I), reh'g denied, 462 F.3d 147 (2d Cir. 2006) (Earley II), cert. denied, sub nom., Burhlre v. Earley, 551 U.S. 1159 (2007).

[3] In its Memorandum and Order, No. 09-CV-1383 (E.D.N.Y., July 18, 2018) (ECF #95), the Court limited Defendants' liability to the period of PRS served after August 31, 2006, citing, inter alia, Betances v. Fischer, 144 F. Supp.3d 441 (S.D.N.Y. 2015), aff'd, Betances v. Fischer, 837 F.3d 162 (2d Cir. 2016) (finding liability for not promptly referring for resentencings members of a plaintiff class subjected to DOCS-calculated PRS after Earley, as DOCS had a "constitutional 'obligation to [have] at least attempt[ed] to cease its administrative and custodial' enforcement of PRS terms that had been held unlawful." Id.

(a) Plaintiff should not be allowed to argue at trial that, under New York Penal Law §70.45, he could have been resentenced to any term of PRS other than the PRS he did serve in period from June 20, 2007 through February 6, 2008;[4] and

(b) Defendants should be allowed to present evidence that Plaintiff was serving, concurrently with his New York State PRS, both a sentence for federal crimes imposed by a court in the Eastern District of Virginia, and a sentence for State of Virginia crimes imposed by a Circuit Court in Fairfax County, Virginia;

(2) Defendants should be allowed, moreover, to offer evidence that they did not cause any damages Plaintiff will claim as a result of not being referred for resentencing or not being relieved of PRS during the period from June 12, 2007 and February 6, 2008, because the District Attorneys of New York, including the District Attorney of Kings County, did not seek resentencing at that time because they contended that PRS was automatic and mandatory, notwithstanding Earley v. Murray; and

(3) in any event, Defendants should be permitted to offer evidence of Plaintiff's criminal and parole history, including Plaintiff's criminal convictions, as permitted under Fed. R. Evid. 609, 402 and 403, as well as evidence of the crimes he was charged with in connection with the sentence at issue in this action, and of the parole violations that he committed while on PRS in connection with the sentence at issue in this action.

---

[4] See Hassell v. Fischer, 96 F. Supp. 370, 382 (S.D.N.Y. 2017), aff'd, 87 F. 3d 41 (2d Cir. 2018).

## RELEVANT PROCEDURAL HISTORY

Plaintiff commenced this this action by filing a complaint on May 1, 2012 (see docket #1) (the "Complaint") and amended the Complaint on June 4, 2012 (see docket #12) (the "Amended Complaint"), alleging that Defendants violated his constitutional rights by not seeking to correct the State sentencing court's omission of PRS from his 2002 sentence.

After almost four years of litigation, Plaintiff filed a letter on January 25, 2016, disavowing membership in any class action that was then pending and indicated that he had opted out of the class (see docket #68).

The parties filed motions for summary judgment, and on September 30, 2017, the Court granted in part and denied in part the parties' motions, dismissing Plaintiff's State and federal claims except for his federal claims asserted in Count Two (¶¶83-86) of the Amended Complaint, (docket #12) against Defendants Annucci, Fischer and Tracy, who were found liable "[w]ith regard to Count Two."[5] See 2017 Order, docket #92, pp. 38-39.  The Court reasoned that "liability in this case is not premised on [D]efendants' failure to release [P]laintiff, but rather their failure to 'make an objectively reasonable effort to relieve [Plaintiff] of the burdens of administratively-imposed terms of PRS, despite knowing that these terms 'violated federal law.'"  See 2017 Order, docket #92, p. 17.  The Court held that "[a] jury might well conclude that [P]laintiff suffered a compensable injury" (see 2017 Order, docket #92, p. 18), if Plaintiff could meet his burden of proof, for the period between June 12, 2007 to February 6, 2008.  See 2017 Order, docket #92, p. 29.

---

[5] Plaintiff's claims against Defendants Ludlow, Elovich, Thompson, Arroyo, McCartney, McKinney, Fleischman, Paredes, Stevenson, Mason, Johnson, Alvarez, Dennison, Alexander, Evans, Cuomo, LeClaire, Goord, Ellis, Corrado, Zunno and Mantei, were dismissed for failure to demonstrate their personal involvement in any constitutional violation.  See 2017 Order, docket #92, pp. 18-26.

Defendants filed a subsequent motion for summary judgment, seeking an order that, based on recent Second Circuit precedent on PRS issues, Plaintiff was entitled as a matter of law only to nominal damages. On September 23, 2019, the Court denied Defendants' motion to limit Plaintiff to nominal damages (see docket #128). At that time, the Court found that Defendants had not established that there were no disputed issues of fact as to whether Plaintiff was entitled to more than nominal damages, or as to whether compensatory or punitive damages should otherwise be limited.

## FACTS RELEVANT TO THIS MOTION[6]

Plaintiff claims generally that he is entitled to damages from Defendants because they have been found liable for violating his constitutional rights when they failed to seek his resentencing to correct unpronounced PRS during the period between June 12, 2007, and February 6, 2008, a period after Earley was decided by the Second Circuit on June 6, 2006, but before Garner and Sparber were decided by the State Court of Appeals on April 29, 2008.[7]

Plaintiff was sentenced on May 15, 2002 in Kings County to a three-and-one-half year term of incarceration, "but was not sentenced to PRS," see Amended Complaint, ¶ 39, even though he had pleaded guilty on May 3, 2002, to the crimes for which he was sentenced, and accepted, at the plea hearing, a five-year term of PRS, along with his sentence of three-and-one-half year term of incarceration. See Minutes of Plea Hearing, dated May 3, 2002, attached as Exhibit A to the Declaration of Michael J. Keane, dated July 13, 2022 ("Keane Decl."). Pursuant to Plaintiff's

---

[6] Only the facts relevant to this motion are recounted here. The facts relevant to Plaintiff's entire experience with DOCS and Parole are more fully set forth in the papers submitted with Defendants' previous motions (see docket ##s 59-67; 78-86; and 88-91) and will not be repeated herein.

[7] See People v. Sparber, 10 N.Y.3d 457 (2008), and Matter of Garner v. Dep't of Corr. Servs., 10 N.Y.3d 358 (2008).

guilty plea and sentence, Plaintiff's sentence was to run concurrently to any federal or any other jurisdiction's sentence.  See id.

Plaintiff stated at the plea hearing that his federal sentence included a term of "parole."  Id.  Plaintiff's federal sentence, under criminal docket number 1:01-CR-00251-001 in the Eastern District of Virginia, imposed by the Hon. T.S. Ellis, III, on November 16, 2001, pursuant to his September 4, 2001 guilty plea, included a 37-month term of incarceration, followed by a four-year term of supervision.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for November 16, 2001 sentencing, and judgment (Docket # 39).

Following his May 15, 2002 sentencing in Kings County Criminal Court, Plaintiff was incarcerated in a New York State correctional facility, and then, on November 5, 2004, Plaintiff was released to Parole supervision to serve the rest of the incarceration portion of his sentence – until May 29, 2005 – on conditional release.  See Amended Complaint, ¶¶ 42-43.  In November 2004, Plaintiff also executed a "Special Conditions of Release to Parole Supervision," however, in which the maximum expiration date of his PRS term was documented as November 5, 2009.  See id., ¶41.

On November 30, 2005, Plaintiff was deemed in violation of his federal supervised release under his 2001 Eastern District of Virginia conviction, for absconding from supervision, and a federal warrant was issued for his arrest.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for November 30, 2005 (Docket # 41).

Plaintiff was deemed an absconder from New York PRS as of November 9, 2005.  See Memorandum and Order, No. 09-CV-1383 (E.D.N.Y., July 18, 2018) (ECF #95), generally.

Plaintiff was not available to New York State authorities from November 30, 2005 until June 12, 2007.  See id.

Plaintiff was arrested and held by federal authorities for his federal supervision violations, and, on November 9, 2006, was ordered reincarcerated in the Federal Bureau of Prisons for 8 months, with 30 months of supervised release to follow his release from imprisonment.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for November 30, 2005 (Docket # 46).

Plaintiff was released to New York State authorities on June 12, 2007, and was granted a hearing by the New York State Division of Parole ("Parole") in connection with his PRS violations then pending.  After a hearing in July 2007, Parole revoked his PRS and returned him to DOCS custody until February 2, 2008.  See Amended Complaint, ¶¶55-60.  Plaintiff was again released to PRS, but absconded from New York and federal supervision immediately thereafter.

On February 19, 2008, the United States District Court for the Eastern District of Virginia issued a warrant for Plaintiff's arrest for his violations of supervision.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for February 19, 2008 (Docket # 47).

On April 22, 2008, Plaintiff appeared at a hearing concerning his federal supervision violations.  He was ordered released, pending an appearance on April 24, 2008.  On April 24, 2008, Plaintiff did not appear, and another warrant was issued for his arrest.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for April 24, 2008 (Docket # 47).

On June 6, 2008, Plaintiff's federal supervision was revoked.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia

(Alexandria), entry for June 6, 2008. For his violations of supervised release, the federal court sentenced Plaintiff at that time to a term of 7 months of incarceration, followed by two years of supervision. See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for June 6, 2008 (Docket # 54).

After Plaintiff served his time for his June 2008 violation of supervised release, he faced State of Virginia charges for an offense committed on October 30, 2005 in Fairfax County, Virginia. Plaintiff was prosecuted for and convicted of Possession of Marijuana with Intent to Distribute on October 1, 2008, in Fairfax County under case number FE-2008-1485. Plaintiff was sentenced for that conviction in the Circuit Court of Fairfax County, Virginia on December 11, 2008, to 10 years of incarceration in the State of Virginia, with 8 years suspended. See Sentencing Order of the Hon R. Terrence Ney, Virginia: In the Circuit Court of Fairfax County, entered on January 15, 2009, attached as Exhibit B to Keane Decl.

In September of 2010, Plaintiff was referred by New York State Parole for resentencing pursuant to the provisions of New York Correction Law §601-d, enacted in June of 2008. See Amended Complaint, ¶65. Once referred to his sentencing court, Plaintiff was resentenced in December of 2010 without a term of PRS, upon the consent of the Kings County District Attorney, and after the sentencing court noted that it had found no evidence that PRS had been imposed in the original sentencing proceedings in 2002. See id., ¶67. At the time relevant to this trial (June 12, 2007 to February 6, 2008), however, the District Attorneys of New York State opposed resentencings, and considered PRS as automatic and mandatory. See Betances v. Fischer, 837 F.3d 162, 174 (2d Cir. 2016) ("[w]e accept the defendants' claim that other state actors with responsibility for resentencing, such as judges and district attorneys, were resistant to Earley," noting at n. 2 that "the actions of others might inform any assessment of causation"). The Kings

County District Attorney, in fact, who represented the Respondent in Earley, argued consistently that Earley had been wrongly decided, and sought Supreme Court review of the Second Circuit decision.  See Petition for a writ of certiorari and Reply in Buhrle v. Earley, 551 U.S. 1159 (2007), attached as Exhibits C and D to the Keane Decl. (arguing in its petition that "Earley was not entitled to have the PRS component of his sentence stricken from the sentence," and, in reply that judicial pronouncement of PRS was not required, noting that State appellate courts continued to hold that PRS "was automatically included by statute" in offenders' sentences[8]); see also Brief for Respondent Robert M. Morgenthau, District Attorney, New York County, dated December 27, 2007, pp. 11 and 24, attached as Exhibit E to the Keane Decl. ("[u]nder New York law, every determinate prison sentence automatically includes a period of [PRS], whether or not the judge pronounces it").

On August 24, 2011, an arrest warrant was again issued as to Plaintiff in the Eastern District of Virginia.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for August 24, 2011.  The August 24, 2011 warrant was executed on April 12, 2012.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for August 24, 2011 (Docket # 59), and Plaintiff was ordered detained.  See Criminal Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for April 12, 2012 (Docket # 60).  For his violations of supervision, Plaintiff was sentenced by the Eastern District of Virginia court to a term of 9 months of incarceration.  See Criminal

---

[8] The New York State Court of Appeals decided the issue on April 29, 2008, and held that resentencing, and not excision of PRS, was the sole remedy for flawed sentences like Plaintiff's.  See People v. Sparber, 10 N.Y. 3d 457 (2008) and Matter of Garner v. DOCS, 10 N.Y. 3d 358 (2008).

Docket for Case # 1:01-CR-00251-001-TSE-1, United States District Court, Eastern District of Virginia (Alexandria), entry for May 17, 2012 (Docket # 72).

At the same time that Plaintiff's supervision was revoked by the federal court in the Eastern District of Virginia, the State of Virginia, on June 22, 2012, lodged a warrant for the arrest of Plaintiff for a probation violation pursuant to a conviction in Fairfax County, and on November 14, 2012, lodged a warrant for Plaintiff in connection with a new felony involving a bomb threat, and six misdemeanor warrants for domestic assault, phone threats, stalking and trespassing.  See Sentence Monitoring Computation Data for Jesus Santiago as of January 11, 2013, attached as Exhibit F to the Keane Decl.

## **ARGUMENT**

As a matter of law, Plaintiff bears the burden of proof to establish that he is entitled to substantial damages because Defendants did not refer him for resentencing to correct his PRS term from August 31, 2006, the date on which rehearing *en banc* was denied in Earley v. Murray. Plaintiff should be held to his burden, and Defendants contend that the evidence at trial will show that Plaintiff is entitled to no more than nominal damages in this case.  It is well-settled that "'[i]n all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury.'"  White v. City of New York, 2017 U.S. Dist. LEXIS 131614, at *14, quoting, Poventud v. City of New York, 750 F.3d 121, 159 (2d Cir. 2016).  Proximate cause, and not "but for" causation must be established.  Defendants should be allowed to show that, at all relevant times, Plaintiff was required by New York State law to have served PRS, and, in any event, was under supervision by federal or Virginia authorities, concurrently with his New York PRS, and therefore suffered no damages beyond the merely nominal, as he was on supervision anyway.

## POINT I

**PLAINTIFF SHOULD BE PRECLUDED FROM SPECULATING THAT, IF HE HAD BEEN REFERRED FOR RESENTENCING EARILER, HIS STATE SENTENCING COURT WOULD HAVE RELIEVED HIM OF PENAL LAW §70.45, OR THAT PLAINTIFF WOULD OTHERWISE HAVE BEEN AT LIBERTY, GIVEN HIS FEDERAL AND STATE OF VIRGINIA SENTENCES**

### A. Plaintiff Should Be Precluded From Speculating That He Would Have Been Sentenced Without PRS If He Had Been Resentenced Before February 6, 2008

The record in this action shows that, had Plaintiff been referred for resentencing before July 1, 2008, he would, upon any resentencing, have received the same PRS term he served. While the record shows that Plaintiff's criminal court did not, in January of 2009, resentence Plaintiff to a term of PRS, it did so only because such a resentencing without a PRS term was authorized for the first time upon the enactment, as of July 1, 2008, of an amendment to Penal Law § 70.45, allowing for a sentence without PRS, upon the consent of the District Attorney.

Plaintiff therefore cannot establish that, before July 1, 2008, any attempt at resentencing would have made his life any different. Defendants should be allowed to show that both the law and the District Attorneys did not permit such resentencings. Plaintiff should not be allowed to speculate that his sentencing court, during the period relevant to this action, would have resentenced him without PRS, as such a term was mandatory under Penal Law § 70.45 until July 1, 2008. To meet his burden, Plaintiff must establish that, had Defendants complied with Earley, and referred him for resentencing promptly after August 31, 2006, Plaintiff would have been resentenced without PRS. Plaintiff cannot meet that burden, as to do so would require this Court to adopt the speculative assertion that the sentencing court would have defied the mandate of New York Penal Law § 70.45 requiring PRS. Plaintiff should be precluded from such speculation, and the jury should be instructed as to nominal damages, as in Warren v. Pataki, 823 F.3d 125 (2d Cir. 2016).

10

**B.  The Jury Should Be Instructed As To Plaintiff's Concurrent Sentences Imposed By Courts In The State of Virginia And The Eastern District Of Virginia**

Defendants contend that the evidence will establish that the 8 months Plaintiff served on PRS in New York was also a period of time in which Plaintiff would have been required to serve sentences for convictions in the State of Virginia and in the Eastern District of Virginia.

The Court may take judicial notice of criminal court dockets from other jurisdictions.  See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); Smith v. City of New York, et al., 2013 WL 5942224, No. 12-cv-4891 (S.D.N.Y. Nov. 6, 2013) (recognizing that "the Court may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data," and citing Kramer v. Time Warner, Inc., 937 F.2d 767, 773-75 (2d Cir. 1991); Awelewa v. New York City, 2012 WL 601119, No. 11-cv-778 (S.D.N.Y. Feb. 23, 2012); Wims v. New York City Police Dep't, 2011 WL 2946389, No. 10-cv-6128 (S.D.N.Y. July 20, 2011).  Court dockets from the Eastern District of Virginia, as set forth above, as well as records from the State of Virginia, establish that Plaintiff was serving terms of incarceration and supervision in the federal and State of Virginia systems.

Specifically, as set forth above, concurrently to his New York State PRS, Plaintiff (i) was serving a 10-year sentence, 8 years of which was suspended, for a conviction in Fairfax County, Virginia, Circuit Court, arising out of an offense that occurred on October 30, 2005, and (ii) was serving a 37-month sentence with 4 years of supervision (with successive reincarcerations for violations of his supervision) for a 2001 conviction in the Eastern District of Virginia (CR-0251), arising out of an offense involving distribution of crack cocaine.  Plaintiff's life would have been no different without New York State PRS, given his incarcerations and supervision in connection with the federal and State of Virginia sentences, and he should be precluded from offering any

11

speculation at trial that he would have been at liberty, but for his New York State PRS. See Warren v. Pataki, citing Miner, 999 F.2d at 660 ("[a]bsent a showing of causation … and actual injury, a plaintiff is entitled only to nominal damages").

To the extent that Plaintiff is permitted to offer proof of substantial damages, however, Defendants should be permitted to offer proof of Plaintiff's criminal and parole history, as set forth in Point III, below.

## POINT II

**DEFENDANTS SHOULD BE ALLOWED TO ARGUE THAT THEY WERE NOT THE CAUSE OF HIS DAMAGES, AS OTHER STATE ACTORS, INCLUDING DISTRICT ATTORNEYS AND JUDGES, WOULD NOT HAVE PURSUED RESENTENCINGS AT THE TIMES RELEVANT TO PLAINTIFF'S CLAIMS**

Defendants should be allowed to argue that they were not the cause of Plaintiff's damages, as the law and the conduct of other State actors intervened to render futile any efforts Defendants might have made in seeking resentencing at the relevant times. As set forth in Point I, before April 29, 2008, District Attorneys argued that PRS was mandatory, and resentencings were not necessary. See briefing of Kings County and New York County District Attorneys, attached as Exhibits C, D, and E to the Keane Decl. As a matter of law, Plaintiff must demonstrate that the constitutional violation at issue was committed by each Defendant, and were the proximate cause of the damages resulting from the injury. See Farrar v. Hobby, 506 U.S. 103, 112 (1992); Carey v. Piphus, 435 U.S. 247, 264 (1978; Martinez v. California, 444 U.S. 277 (1980); see also Carey, 435 U.S. at 260-63 (1978); Warren v. Pataki, citing Miner, 999 F.2d at 660 ("["a]bsent a showing of causation … and actual injury, a plaintiff is entitled only to nominal damages"). Defendants contend that Plaintiff cannot do so, and should be held to his burden of showing that, had he been referred for resentencing, he would have been resentenced without PRS. Plaintiff should be precluded from speculating that the District Attorney of Kings County or the sentencing court itself

would have sought resentencing, and that he would have been resentenced without PRS at the relevant times as framed by this Court on summary judgment.

Alternatively, Defendants should be permitted to show that other State actors caused Plaintiff's damages, and should be allowed to introduce evidence that District Attorneys and judges disagreed with Earley, a federal decision on an issue the State courts had yet to definitively decide as of the time relevant here – June 2007 through February 2008.  Defendants should be allowed to argue that any attempt at resentencing at the relevant time would have been futile. Indeed, as the Second Circuit pointed out in Betances, Earley "was met with resistance" by some district attorneys and administrative court officials, and "New York courts were inconsistent in adhering to" Earley's holding.  Betances, 837 F.3d at 166.   Thus, as the Circuit held, the "actions of others might inform any assessment of causation," limiting the damages Plaintiff can attribute to Defendants.[9]

Moreover, as set forth above in the factual recitation and in Point I (B), Defendants should be allowed to introduce evidence establishing that they did not cause Plaintiff's damages at the relevant times, as any loss of liberty he suffered was also caused by lawful actions of federal and State of Virginia authorities.

Accordingly, Plaintiff should be held to his burden of proof and should be precluded from arguing based on speculation that, at any time prior to July 1, 2008, his sentencing court would have entertained resentencing upon a referral from DOCS or Parole, or that he would not have suffered the same loss of liberty, given his State of Virginia and federal sentences.

---

[9] See Betances, stating that upon that appeal, the Second Circuit had "no occasion… to consider how, if at all, the actions of others might inform the any assessment of causation for specific injuries claimed by plaintiffs against these defendants."  Id. at 174, n. 20.

## POINT III

## DEFENDANTS SHOULD BE ALLOWED
## TO CROSS-EXAMINE PLAINTIFF ON HIS CRIMINAL AND PAROLE HISTORY

Defendants seek to introduce evidence of Plaintiff's criminal and parole history, all of which is relevant to issues of (i) whether Defendants caused Plaintiff any damages, as well as to (ii) what the gravity of Plaintiff's damages can possibly be, given that history.  Plaintiff's felony convictions, and his experience in prison, including his disciplinary history, and his experience on parole, including his parole violations, are all relevant and admissible under Fed. R. Evid. 609, 402 and 403, both for impeachment purposes and, significantly in this matter, on the issues of causation and quantification of damages.  The jury should be allowed to determine whether Defendants caused Plaintiff's loss of liberty, or whether the actions of the State of Virginia and the Eastern District of Virginia courts were an additional, co-extensive or superseding cause of damages Plaintiff claims for loss of liberty.  In addition, the jury should be able to weigh Plaintiff's prior experience as an incarcerated individual or as an individual serving parole, probation or supervised release, in valuing the restrictions on his liberty here.

Further, evidence of Plaintiff's crimes is admissible under Fed. R. Evid. 609(a)(1), which allows evidence that a witness has been convicted of a crime to be admitted, subject to Fed. R. Evid. 403, if the crime, as here, is punishable by death or imprisonment in excess of one year under the law under which the witness was convicted.  Once Plaintiff elects to testify, certain parts of his criminal history may be used for impeachment purposes during cross-examination under Fed. R. Evid. 609.  Defendants seek permission to cross-examine Plaintiff under Fed. R. Evid. 609(a) as to the fact that he has been convicted of a series of felonies, each sentence overlapping with his other felony sentences.  Plaintiff was convicted of Criminal Possession of a Weapon in the Second Degree in 2002.  See New York State DOCCS Inmate Locator for Jesus Santiago, 04-R-1624.

14

Evidence of a felony conviction is admissible if the date of conviction or of the release from confinement imposed for that conviction, whichever is the later date, is within ten years. See Fed. R. Evid. 609(b); see also Amaker v. Coombe, No. 96 Civ. 1622, 2003 WL 21222534, at *5 (S.D.N.Y. May 27, 2003).  While Rule 609(b) limits the admissibility of evidence of prior convictions where more than ten years has elapsed from the date of conviction or release from confinement for that conviction, even such older convictions may be admissible if "the court determines, in the interests of justice, the probative value of the conviction substantially outweighs its prejudicial effect."  See Daniels v. Loizzo, 986 F. Supp. 245, 249 (S.D.N.Y. 1997), citing, Fed. R. Evid. 609(b).  Certainly the conviction was within ten years of the filing of this lawsuit, and its relevance to the damages claims here cannot be questioned.  Even if the conviction were deemed outside of the 10-year bar, the fact and nature of Plaintiff's convictions and imprisonments are relevant to damages.

Fed. R. Evid. 609(a)(1) presumptively requires inquiry into essential facts of the conviction, subject to balancing under Fed. R. Evid. 403.  United States v. Estrada, 430 F.3d 606, 616 (2d Cir. 2005) ("under Rule 609(a)(1), evidence of the underlying facts or details of a crime of which a witness was convicted, inquiry into the 'essential facts' of the conviction, including the nature or statutory name of each offense, its date, and the sentence imposed is presumptively required by the Rule, subject to balancing under Rule 403").  Evidence the accused has been convicted of a crime shall be admitted if the Court determines the probative value admitting the evidence outweighs its prejudicial effect to the accused.  The rule "presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully."  Id. at 617.  Unless the risk of unfair prejudice substantially outweighs the probative value of the felony conviction, the

jury should assess the specific conviction "as part of its overall evaluation of the witness's credibility." Id.

The Court has broad discretion to admit evidence of any witness' prior convictions. See United States v. Pedroza, 750 F.2d 187, 202 (2d Cir. 1984). Courts have identified four factors that should be considered in balancing probative against prejudicial effect: (1) impeachment value of the prior crime; (2) remoteness of the prior conviction; (3) similarity between the past crime and the conduct at issue; and (4) the importance of the credibility of the witness. Brundidge v. City of Buffalo, 79 F. Supp. 2d 219, 225 (W.D.N.Y. 1999), citing Daniels v. Loizzo, 986 F. Supp. 245, 250 n. 7 (S.D.N.Y. 1997), citing Weinstein's Federal Evidence § 609.04(2)(a)) (and noting that the balancing test of Rule 609(a)(1) applies also to civil cases).

At the relevant times, Plaintiff was serving a sentence on parole (release to PRS) for a weapons possession conviction. Specifically, Plaintiff was convicted of a felony for Criminal Possession of a Weapon in the Second Degree, a Class C Felony, and was serving a sentence for that crime while released on PRS. Plaintiff's PRS was originally set to expire in 2009. Plaintiff's sentence for this conviction is not too remote and falls within Fed. R. Evid. 609(b), given the relevance of Plaintiff's entire criminal and parole history (including the federal and State of Virginia convictions and violations of supervision) to the issues of damages. Evidence of Plaintiff's convictions and incarcerations are not irrelevant and unduly prejudicial. Plaintiff has placed his incarcerations and parole at the center of his lawsuit and claims for damages, and his experience in prison and on PRS are highly relevant to the issues to be tried. In this case, all four factors weigh in favor of admissibility.

In the first instance, as to the issues to be tried in evaluating damages for serving PRS, Plaintiff's prior experience in prison or on parole is clearly admissible. Where a Plaintiff is seeking

damages for being incarcerated or subject to parole restrictions, courts have routinely recognized that whether a Plaintiff is an innocent with no experience with the criminal justice system, or someone who has prior experience being incarcerated, is highly relevant to the amount of damages. In Sanabria v. State of New York, 29 Misc. 3d 988, 995-96 (Ct. Cl. 2010), for example, the Court of Claims refused to award damages for mental anguish to an individual held beyond the expiration date of his sentence on grounds that because claimant was very familiar with the criminal justice system (having a criminal history including convictions for ten criminal offenses) any psychological trauma, shame or humiliation was, in effect, de minimis.  Here, Plaintiff's felony sentences and supervision violations, which establish that he was lawfully incarcerated or on parole without interruption for over a decade (from 2001 through 2013) made him quite familiar with prison and PRS, and that experience is relevant to his claims for damages.

Next, and as to Plaintiff's felony convictions for which he served his sentences, the convictions are relevant and admissible.

First, the impeachment value of Plaintiff's criminal possession of a weapon weighs in favor of admission.  See Crenshaw v. Herbert, 409 Fed. Appx. 428, 432 (2d Cir. 2011) (evidence of plaintiff's prior crime of robbery was probative of his veracity, a central issue in the case, because the jury was required to determine issues of veracity, related here to issues of sincerity).  See also Picciano v. McLoughlin, No. 07 Civ. 781, 2010 WL 4366999, at *4, (N.D.N.Y. Oct. 28, 2010).  Here, as in Crenshaw, the jury will likely be required to determine whether Plaintiff in fact suffered any damages as a result of the burden DOCCS imposed on him by subjecting him to PRS.  Accordingly, the question of Plaintiff's veracity is central to the issue before the jury.  Moreover, the jury will already know that Plaintiff was incarcerated at the time of the events underlying the

trial, so it is unlikely that additional unfair prejudice will result if the jury is informed of Plaintiff's felony convictions.  See Crenshaw, 409 Fed. Appx. at 432.

Second, temporal remoteness is not an issue because Plaintiff was serving PRS upon his release to parole after having served part of his sentence incarcerated for his 2001 offense, and was released from that sentence within ten years of filing this lawsuit, immediately following the termination of his sentence.  See Fed. R. Evid. 609(b).

Third, as to whether the convictions themselves would be prejudicial to the extent that they could be used as evidence that Plaintiff acted here because he committed the crime for which his credibility is being impeached, that concern does not apply here.  In this case, there is no similarity between the nature of Plaintiff's crimes and the issues in this action.  See U.S. v. Hayes, 553 F.2d 824, 828 (2d Cir. 1977) (affirming the admission of a conviction that was "substantially different" from the instant case); see also Daniels, 986 F. Supp. at 250 (the plaintiff's conviction bore "no resemblance to the excessive force" and therefore "weigh[ed] in favor of introducing the [conviction]").  See Brundidge, 79 F. Supp. 2d at 226; Daniels, 986 F. Supp. at 250 (where there was no prejudice because the dissimilarity of the conduct at issue and the conviction weighed in favor of introducing the evidence, where a 1994 drug conviction bore no resemblance to the excessive force alleged in Daniels); see also Lewis v. Velez, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (finding drug conviction admissible and not prejudicial as impeachment evidence in civil rights action because excessive force allegations were not similar to prior conviction).

Finally, the Court should consider the importance of the credibility of the witness.  Plaintiff's testimony is central to his case, as there are questions of fact for the jury to decide.  Here, it is expected that, among other things, Plaintiff will testify that the jury's central task will be to determine who is telling the truth about causation and the damages Plaintiff claims.

Plaintiff's credibility on the stand is of decisive importance.  Indeed, where the narration of events by a plaintiff and a defendant are "radically different," as here, the case rests at least in part on which side the jury finds most credible: "the jury's main task will be to determine who is telling the truth…[p]laintiff's credibility on the stand…[is] therefore…of great importance and outweigh[s] any prejudice that may result. Brundidge, 179 F. Supp. 2d at 226; Daniels, 986 F. Supp. at 250-51 (where plaintiff and officer defendants testify to radically divergent versions of what occurred in the excessive force claim, the jury's central task would be to determine who was telling the truth and plaintiff's credibility is therefore of decisive importance) (citing Commings v. Malone, 985 F.2d 817, 825 (8th Cir. 1993) (finding credibility of plaintiff "paramount" to defense in excessive force case).  Defendants should be allowed to introduce evidence of Plaintiff's crimes of conviction and his history on supervision in New York, in Virginia, and in the federal system.

Accordingly, on balance, the probative value of this evidence is substantially outweighed by the prejudicial value, and the Court should allow evidence of Plaintiff's criminal and parole or supervision history.

Moreover, the conduct at issue and the convictions sought to be introduced by Defendants are not prejudicial.  Defendants' cross-examination of Plaintiff on his criminal convictions will not be unduly prejudicial because the jury will already know that Plaintiff is a convicted felon who was in a maximum security correctional facility and on parole simply from the facts surrounding the claims to be tried.  While using the fact of Plaintiff's convictions for impeachment purposes is distinct from eliciting the narrative of Plaintiff's experience in prison and parole, the narrative of Plaintiff's history with the criminal justice system is highly relevant and will be central to the trial.  Thus, there will be no prejudice, as the facts will in any event be revealed to the jury.  It is

anticipated that the Plaintiff will testify that the time he spent in prison or on parole during the periods of time at issue here amounted to a hardship for which he is entitled to damages.  Therefore, evidence showing that Plaintiff spent at least a decade of his life in prison or on parole for successive crimes is highly relevant to countering his claims that Defendants' conduct in subjecting him to PRS for 8 months in 2007 and 2008 caused a reduction in the value of his life.

Accordingly, Defendants respectfully request that they be permitted to examine Plaintiff on his prior criminal conduct.

In the alternative, if the Court determines that the facts underlying Plaintiff's convictions may not be disclosed to the jury, Defendants request that the Court follow the reasoning in Sedney v. Blot, No. 00-CV-1302, 2003 U.S. Dist. LEXIS 21364, at *3-*4 (S.D.N.Y. Dec. 1, 2003), and permit Defendants to elicit evidence of the number and timing of Plaintiff's convictions, and specifically that Plaintiff was convicted of multiple felonies and was serving a term of federal supervision when he committed the crimes for which he was convicted in New York, and then proceeded to commit additional crimes for which he was convicted in Virginia while serving PRS.

Defendants seek to introduce evidence of Plaintiff's felony convictions, and his experience in prison, including his disciplinary history, as well as evidence of his experience on parole, including his parole violations.  Such evidence is relevant and admissible both for impeachment purposes and, significantly in this matter, on the issue of damages.  A jury should be able to weigh whether Plaintiff has prior experience incarcerated or on parole in valuing the restrictions on his liberty here.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court grant their

motion in its entirety.

Dated: New York, New York
   July 13, 2022

Respectfully submitted,
LETITIA JAMES
Attorney General of the
State of New York
 Attorney for Defendants

By:

    *Michael J. Keane*
    MICHAEL J. KEANE
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-8550