UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JESUS SANTIAGO,

Plaintiff,

- against -

09-CV-1383 (KAM) (SLT)

ANDREW CUOMO, et al.,

Defendants.

---------------------------------------------------------------

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
28 Liberty Street / 18TH Floor
New York, New York 10005
(212) 416-8550

MICHAEL J. KEANE
Assistant Attorney General

Dated: July 22, 2022

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...........................................................................................................................2

POINT I

PLAINTIFF, NOT DEFENDANT, IS SPECULATING AS TO WHAT WOULD HAVE HAPPENED AT A RESENTENCING BEFORE FEBRUARY 6, 2008, AND DEFENDANTS SHOULD BE ALLOWED TO PRESENT EVIDENCE THAT PENAL LAW § 70.45 REQUIRED PRS AND THAT HIS FEDERAL AND STATE OF VIRGINIA SENTENCES REQUIRED SUPERVISION IN ANY EVENT…………………3

A. Defendants Are Entitled To Present Evidence That He Suffered No Damages Because Earlier Efforts To Resentence Plaintiff Would Not Have Relieved Him Of Supervision…………………………………………3

B. Defendants Are Entitled To Present Evidence That He Suffered No Damages Because Plaintiff Was Subject To Federal And State Of Virginia Supervision At The Same Time ……………………………………………………………………5

POINT II

PLAINTIFF'S CRIMINAL AND PAROLE HISTORY IS RELEVANT TO HIS CLAIMED DAMAGES……………………………………………………...5

POINT III

DEFENDANTS ARE ENTITLED TO MOUNT AN EXHAUSTIVE DEFENSE……………7

CONCLUSION.......................................................................................................................7




i

**PRELIMINARY STATEMENT**

Defendants Brian Fischer, Anthony Annucci, and Terrence Tracy ("Defendants"), by their attorney Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in opposition to Plaintiff's motions *in limine* seeking to limit the evidence Defendants may introduce at trial. Plaintiff's arguments that the Court should ignore fundamental principles of causation basic to black letter law on damages, which are expressly recognized by the United States Court of Appeals for the Second Circuit as relevant to any trial on damages arising out of post-release supervision ("PRS"), should be rejected. This trial concerns a procedural due process violation, and the Second Circuit has held that the relevant issue to be decided by the jury is what would have happened to Plaintiff had Defendants given him the process that he was due – a prompt referral for resentencing to post-release supervision ("PRS").

It is Plaintiff who engages in "rank speculation" that, had he been referred at some point in the 8 months between June 20, 2007 and February 6, 2008, his resentencing court would have (not to mention even could have) deliberately ignored Penal Law § 70.45 and imposed a sentence contrary to law. Defendants should be allowed to show the jury the governing law at the time.

Because the issue for the jury is to determine what damages Plaintiff suffered, and such damages are measured by how his life would have changed had he been given the process he was due, Defendants should be permitted to show the jury that the relevant law at the time required PRS, and that a prompt resentencing applying the law would have made no difference to Plaintiff.

Moreover, Plaintiff's Virginia and federal sentences are relevant to any issue arising out of his claimed damages for loss of liberty. Plaintiff should not be allowed to argue before the jury that the sentences from those other jurisdictions are not relevant and Defendants should be allowed to tell the jury that those sentences imposed terms of supervision on Plaintiff at the relevant times.

Further, to the extent that Plaintiff is allowed to argue that he suffered a loss of liberty from PRS which he would otherwise not have suffered as a result of his Virginia and federal sentences, then Defendants should be allowed to present evidence of his criminal and parole history for the jury to consider, and should be allowed to argue that such history should diminish his damages.

Plaintiff's motions *in limine* fail to acknowledge that it is his burden to prove that he suffered damages caused by Defendants' actions or inactions. Such damages cannot be presumed, and Plaintiff must meet his burden of proof not only to prove that had Defendants referred him for resentencing, the State court would have relieved him of PRS, but also that Defendants' actions, and not the fact of his Virginia and federal sentences, were the proximate cause of his damages.

Contrary to Plaintiff's argument in his motions, Defendants are not re-litigating liability. They should be allowed to argue that, although liable, they are liable for nothing more than nominal damages for any delay in seeking resentencing.

## ARGUMENT

Defendants should be allowed to introduce evidence both of the mandatory nature of Penal Law § 70.45, and of Plaintiff's sentences from other jurisdictions – specifically, that Plaintiff was subjected to supervision in the State of Virginia and the Eastern District of Virginia for crimes he was convicted of in those jurisdictions. This evidence is relevant both to the issues of the proper measure of damages for a procedural due process violation, as well as to the issues of proximate cause. Plaintiff is wrong to assert that because liability is joint and several in 42 U.S.C. §1983 actions, the Virginia and federal sentences are not relevant. Plaintiff fails to acknowledge that there was nothing unlawful about those sentences and the restrictions on Plaintiff's liberty that those sentences imposed. Plaintiff's liberty was lawfully restricted at the relevant times, and there is no way around that fact, a fact that Defendants should be allowed to present to the jury.

Defendants should be allowed to show that, at all relevant times, Plaintiff was required by New York State law to have served PRS, and, in any event, was under supervision by federal or Virginia authorities, concurrently with his New York PRS, and therefore suffered no damages beyond the merely nominal, as he was on supervision anyway.

## POINT I

## PLAINTIFF, NOT DEFENDANT, IS SPECULATING AS TO WHAT WOULD HAVE HAPPENED AT A RESENTENCING BEFORE FEBRUARY 6, 2008, AND DEFENDANTS SHOULD BE ALLOWED TO PRESENT EVIDENCE THAT PENAL LAW § 70.45 REQUIRED PRS AND THAT HIS FEDERAL AND STATE OF VIRGINIA SENTENCES REQUIRED SUPERVISION IN ANY EVENT

Plaintiff's narrative of what happened to him projects an "alternate universe" that fails to account for the reality that the evidence that PRS was mandatory and that he was serving sentences in two other jurisdictions is relevant. There is no avoiding the facts, and Defendants should be allowed to present those facts to the jury.

### A. Defendants Are Entitled To Present Evidence That He Suffered No Damages Because Earlier Efforts To Resentence Plaintiff Would Not Have Relieved Him Of Supervision

Plaintiff misstates Defendants' obligations at the relevant times, alleging that Defendants' liability is based upon their "fail[ing] to resentence" him between June 20, 2007 and February 6, 2008. Defendant prison and parole officials are not involved in sentencing or resentencing. Federal and State of New York courts have not charged Defendants with functions left to District Attorneys and judges. As held in Betances, Defendants' obligation was to make a referral for resentencing, and if other State actors did nothing in response, then Defendants would still have satisfied their constitutional obligations. Plaintiff is wrong to say that Defendants' liability was for imposing PRS in the first place, years before Earley v. Murray. It was not. Defendants' liability was for not attempting to have the procedural flaw – the administrative, rather than the judicial, imposition of PRS – corrected. See Betances v. Fischer, 837 F.3d 162, 174 (2d Cir. 2016). The Second Circuit has

repeatedly held that Defendants were not required to unilaterally relieve any individual with a suspected flawed sentence of PRS. Damages at this trial should be limited to damages, if any, arising out of Defendants' delays in attempting to seek correction of that procedural flaw.

Defendants are entitled to present to the jury evidence that their failures to take more aggressive actions to remediate the procedural flaws in Plaintiff's sentencing made no difference as to any loss of liberty he now seeks damages for. The Second Circuit has held plaintiffs to their burden in procedural due process cases. See Warren v. Pataki, 823 F.3d 125 (2d Cir. 2016). Moreover, the evidence here shows that the Plaintiff bargained for a sentence with PRS, at his plea hearing, just weeks before he was sentenced. And the evidence shows that PRS was required by statute, that District Attorneys believed that resentencings were not required, and that PRS was automatically a component of Plaintiff's sentence. Defendants should be allowed to present such evidence and to argue, therefore, that any more "expedited" attempt at resentencing in Plaintiff's case would have made no difference whatsoever.

Plaintiff is also wrong to suggest that Defendants are seeking contribution from other State actors – the District Attorneys and the State judges. The issue here is not contribution but causation. Plaintiff's citations to Greene v. City of New York, 2010 WL 1936224, No. 08-CV-243 (RJD), at *3 (E.D.N.Y. May 12, 2010) and Mathis v. United Homes, LLC, 607 F. Supp. 2d 411, 429 (E.D.N.Y. 2009), are both inapposite for that reason. Defendants are not seeking contribution. Rather, they are presenting evidence of the actions of District Attorneys and State judges which constitute intervening or superseding causes that break the causal link between any damages claimed and Defendants' actions or inactions. See White v. City of New York, 2017 U.S. Dist. LEXIS 131614, at *14, quoting, Poventud v. City of New York, 750 F.3d 121, 159 (2d Cir. 2016) (proximate cause must be established).

B. Defendants Are Entitled To Present Evidence That He Suffered No Damages Because Plaintiff Was Subject To Federal And State Of Virginia Supervision At The Same Time

Plaintiff tries to avoid the facts that he was serving sentences in other jurisdictions at the same time he was serving PRS in New York. Besides simply and generally asserting that those sentences are irrelevant and prejudicial, Plaintiff offers no argument that he was no subject to supervision in the federal and Virginia systems at the same time he was subject to PRS in New York. In fact, the evidence is irrefutable that he was subject to sentences in the other jurisdictions that, absent PRS, would have required him to abide by those jurisdictions' conditions of release and penalties for violating those conditions. To the extent that Plaintiff claims his damages arise from being subjected to PRS in New York, the evidence that Defendants are entitled to present to the jury will show that he would still have been on supervision without PRS. Plaintiff does not deny that he was not subjected to supervision in other jurisdictions, and he dodges the fact that, without his supervision in New York, he would have been subjected to his sentences in those other jurisdictions earlier than he actually was, and also dodges the fact that his supervision violations in New York were also violations in those other jurisdictions. All of this evidence is relevant. Accordingly, Defendants should be allowed to present this evidence to the jury, and to argue that Plaintiff's damages are minimal, if not nothing.

## POINT II

## PLAINTIFF'S CRIMINAL AND PAROLE HISTORY IS RELEVANT TO HIS CLAIMED DAMAGES

Plaintiff's argument in his motions *in limine* that his criminal and parole history is not relevant cannot be a serious contention. This evidence is relevant both to the question of whether Defendants caused Plaintiff any damages, and to the question of what the quantum of Plaintiff's damages may be. Plaintiff's criminal conduct that in part formed the basis for his PRS violations is relevant to the convictions and sentences and supervision violations in the Eastern District of Virginia and in the

State of Virginia. The jury should be allowed to hear that Plaintiff was subject to supervision in the other jurisdictions, and to consider all of the facts to determine the extent to which PRS was limited by Plaintiff's other crimes and supervision violations. Plaintiff at least in part concedes the point that the fact of the other crimes and convictions is relevant, but argues that the details of those crimes and convictions should be otherwise limited because prejudicial to him. But that limitation should be rejected. Plaintiff misapplies limitations on criminal and parole history here. In arguing that prior arrests should be limited under Fed. R. Evid. 609, Plaintiff would have the Court overlook the fact that as to such arrests, Plaintiff is not an innocent awaiting trial, but rather is a releasee, service a sentence in the community, post-conviction, and post-incarceration, who is not entitled to the same rights as pre-trial detainees. An arrest is in and of itself a violation of PRS and other forms of supervision. Accordingly, it is highly relevant as to whether a violation of New York's PRS would also constitute a violation of supervision in the Virginia federal and state systems. The probative value of such evidence outweighs any prejudice to Plaintiff, as it is central to the issues to be decided by the jury in this case.

Moreover, as to the quantum of Plaintiff's damages, his felony convictions, and his experience in prison, including his disciplinary history, and his experience on parole, including his parole violations, are all relevant and admissible under Fed. R. Evid. 609, 402 and 403 and not just for impeachment and causation purposes. The jury should be able to weigh evidence of Plaintiff's prior experience as an incarcerated individual or as an individual serving parole, probation or supervised release, in valuing the restrictions on his liberty here. See Sanabria v. State of New York, 29 Misc. 3d 988, 995-96 (Ct. Cl. 2010).

## POINT III

## DEFENDANTS ARE ENTITLED TO MOUNT AN EXHAUSTIVE DEFENSE

Plaintiff finally argues in his motions *in limine* that Defendants' witness list should be limited because it is too long and the proposed witnesses may not be relevant. Plaintiff fails, however, to specify which witnesses he would object to, or which witnesses are not sufficiently identified as to their proposed testimony, or which witnesses or testimony may not be relevant. To the extent that he objects to probation or parole officers who would testify as to Plaintiff's criminal history, including his experience on parole or probation, as well as his sentences and time assessments or other penalties for violating supervision, such witnesses are certainly relevant, and there is no basis to object to their testifying on such issues.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motions *in limine* in their entirety.

Dated: New York, New York
July 22, 2022

Respectfully submitted,
LETITIA JAMES
Attorney General of the
State of New York
Attorney for Defendants

By:

/Michael J. Keane

MICHAEL J. KEANE
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8550