UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JESUS SANTIAGO,

Plaintiff,

- against -

09-CV-1383 (KAM) (SLT)

ANDREW CUOMO, et al.,

Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
28 Liberty Street / 18TH Floor
New York, New York 10005
(212) 416-8550

MICHAEL J. KEANE
Assistant Attorney General

Dated: July 29, 2022

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

PLAINTIFF'S CONCURRENT SENTENCES FROM OTHER JURISDICTIONS LIMIT, IF NOT ERASE, HIS CLAIMS FOR MORE THAN NOMINAL DAMAGES ............................3

CONCLUSION..........................................................................................................................8

## PRELIMINARY STATEMENT

Defendants Brian Fischer, Anthony Annucci, and Terrence Tracy ("Defendants"), by their attorney Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in reply to Plaintiff's opposition to their motions *in limine* and in further support of their motions seeking to permit Defendants to introduce at trial evidence of Plaintiff's criminal and parole history and causation relevant to Plaintiff's claims. Plaintiff's arguments in opposition to Defendants' motions and in support of his own motions *in limine* rely, in error, on fundamental misapplications of law governing claims for damages arising out of due process violations generally as well as post-release supervision ("PRS") specifically. Plaintiff cannot here avoid the framework for such claims set forth by the United States Court of Appeals for the Second Circuit:

> It is well-settled that "[a]bsent a showing of causation [of the plaintiffs' injuries by the defendants' unconstitutional acts] and actual injury, a plaintiff is entitled only to nominal damages." Miner v. City of Glens Falls, 999 F.2d 655, 660 (2nd Cir. 1993) (citing Carey v. Piphus, 435 U.S. 247, 263, 266-67, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Patterson v. Coughlin, 905 F.2d 564, 568 (2nd Cir. 1990)).

Warren v. Pataki, 823 F.3d 125, 141` (2d Cir. 2016). See also See Farrar v. Hobby, 506 U.S. 103, 112 (1992); Martinez v. California, 444 U.S. 277 (1980).

The Second Circuit has rejected Plaintiff's argument that causation is not for the jury to decide. Warren makes clear that the central issue for the jury to decide is whether, had Plaintiff been provided the process he was due at the relevant times (June 20, 2007 to February 6, 2008), he would nonetheless have been confined in New York. The process Plaintiff was due was an attempt (even if such attempt would have been futile) by State of New York prison or parole officials (Defendants herein) to refer him to his sentencing court to urge that court to correct the State court's failure to pronounce PRS at his sentencing by pronouncing PRS and bringing the

sentence into compliance with Earley v. Murray, 451 F.3d 71 (2d Cir. 2006). Whether damages resulted from delayed referral is the issue.

Plaintiff is also wrong to argue that somehow he was entitled to release – that Defendants should have unilaterally excised his PRS, notwithstanding the mandatory language of N.Y. Penal Law §70.45, upheld as automatic until April 29, 2008, by the Court of Appeals. See People v. Sparber, 10 N.Y.3d 457, 471 (2008) and Matter of Garner v. N.Y. State Dep't of Corr. Servs., 10 N.Y.3d 358, 363 (2008) (holding that the sole remedy for flawed PRS is resentencing). See also People v. Catu, 4 N.Y. 3d 242, 244 (2005) (holding that PRS was largely "automatic"). Citing Vincent v. Yelich, 718 F.3d 157 (2d Cir. 2013), Plaintiff relies on the untested and untried assertion that urging resentencings before July 2008 would have resulted in resentencings.[1] But Plaintiff overlooks more recent Second Circuit decisions. As the Second Circuit noted in Betances v. Fischer, 837 F.3d 162, 174 (2d Cir. 2016), referrals were required, and that is all. Had the courts and the District Attorneys ignored Defendants' referrals, such referrals, futile as they would have been, would have relieved Defendants of liability. Indeed, in Hassell v. Fischer, 879 F.3d 41 (2018), the Circuit acknowledged that individuals serving PRS terms calculated by the Department of Correctional Services ("DOCS"), but not pronounced by their State courts, were not entitled to release as long as Defendants made attempts to pursue resentencings. While Defendants here did not refer Plaintiff for resentencing at the time (2007-2008) relevant to this trial (Defendants did, in 2010, make such a referral), the jury may determine that such a delay did not cause any damages or was otherwise reasonable, especially given that Plaintiff entered a plea agreement accepting a 5-year term of PRS just weeks before his sentencing, and given that no sentence without PRS

[1] Plaintiff mischaracterizes Defendants' references to the law as attempts to shift liability to other parties responsible for the law. Plaintiff has it wrong – Defendants may be liable for the delay in seeking resentencing, but the resulting damages from such a delay are erased as a matter of proximate cause by other State actors and the law.

would have been lawful until the law changed in July 2008. Defendants should be allowed to argue that no one (neither Plaintiff, nor Defendants, nor anyone else) could have expected that Plaintiff would be relieved of PRS. Plaintiff's legitimate expectations, of course, inform his claims for damages. While this Court did not decide the issue of nominal damages as a matter of law, Defendants should be allowed to argue that the evidence establishes that Plaintiff is entitled, given the facts and the fact of Penal Law § 70.45, to no more than nominal damages. These facts are not speculative – they are undeniable and unassailable. It is Plaintiff's burden to prove that he incurred damages as a result of not having been referred for resentencing in the period from June 2007 to February 2008, and that Defendants proximately caused such damages. See Morgan v. City of Utica, No. 6:20-CV-1424, 2021 WL 2036680 (N.D.N.Y., May 21, 2021) ("not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained"). The law is clear that Plaintiff bears the burden of proof and must prove every element of his claimed damages.

**PLAINTIFF'S CONCURRENT SENTENCES FROM OTHER JURISDICTIONS LIMIT, IF NOT ERASE, HIS CLAIMS FOR MORE THAN NOMINAL DAMAGES**

Plaintiff's damages are measured by how his life would have changed had he been given the process he was due. Contrary to Plaintiff's protestations, his subjection to sentences in other jurisdictions is relevant. Defendants should be permitted to show the jury not only that the relevant law at the time required PRS, and that a prompt resentencing applying the law would have made no difference to Plaintiff, but also that his State of Virginia and federal sentences would have subjected him to supervision and the consequences of violating supervision, in any event, if he had not been subject to PRS in New York.

The sentences from those other jurisdictions are relevant and Defendants should be allowed to tell the jury that those sentences imposed terms of supervision on Plaintiff at the relevant times which ran concurrently to Plaintiff's New York PRS and contained conditions that would have resulted in consequences in the form of terms of reincarceration. Defendants should be allowed to present to the jury evidence of the terms and conditions of the Virginia and federal sentences.

Defendants should be allowed to present to the jury Plaintiff's history of convictions, sentencings, incarcerations, and terms of supervision, whether state or federal, all of which are relevant to his claimed damages in this trial, and all of which this court may take judicial notice of. See Berlin v. Jetblue Airways Corp., 436 F. Supp.3d 550 (E.D.N.Y. 2020).

Plaintiff's relevant history includes his offense in King's County, New York, in 2000, for which he was indicted on February 22, 2000, arraigned on March 13, 2000, and then released on bond pending trial, then scheduled for September 18, 2000, and then later continued to October 6, 2000, at which he failed to appear upon absconding from New York. See, e. g., Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3. On May 3, 2001, Plaintiff committed an offense in the State of Virginia in violation of federal law, for which he was convicted and sentenced in the Eastern District of Virginia to 37 months in federal prison on November 16, 2001, to be followed by 4 years of supervision. See id., attachments, pp. 1-2. While incarcerated in federal prison, Plaintiff's charges in New York were pending. Upon release from federal incarceration to federal supervision on April 7, 2004, Plaintiff was returned to New York and sentenced in May of 2004, to a term of incarceration in New York to run concurrently with his federal sentence. See, e. g., Sentence Monitoring Computation Data, as of 1-11-13, for Jesus

Santiago, attached as Exhibit F to the Declaration of Michael J. Keane, dated July 13, 2022 ("Keane Decl."), pp. [10-11]; Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3. With credit for time served in federal prison, he was released on parole in New York on November 8, 2004. See New York State Incarcerated Lookup for Jesus Santiago, DIN 04-R-1624, https://nysdoccslookup.doccs.ny.gov. Upon release from New York State prison, Plaintiff was subject to both New York and federal supervision. Although he was required to be supervised under the terms and conditions of both federal and State of New York supervisory authorities, he absconded from New York and was arrested in Fairfax County, Virginia on October 30, 2005, for various crimes in Virginia. See, e. g., Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3; see also Sentence Monitoring Computation Data, as of 1-11-13, for Jesus Santiago, attached as Exhibit F to the Keane Decl., p. [8]. On November 17, 2005, Plaintiff was released on bond from custody in Fairfax County, Virginia, and was to appear for a preliminary hearing on January 9, 2006, but failed to appear and again absconded from Virginia, New York, and federal authorities. See id.; see also Sentencing Order of the Hon. R. Terrence Ney, Virginia: Fairfax County, entered on January 15, 2009, attached as Exhibit B to the Keane Decl. For his federal violations of supervision at that time, Plaintiff was reincarcerated in federal prison for 8 months, beginning on November 9, 2006, and was released and returned to New York authorities for PRS violations in New York by June 20, 2007. See, e. g., Sentence Monitoring Computation Data, as of 1-11-13, for Jesus Santiago, attached as Exhibit F to the

Keane Decl.; Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3.

At the same time that he was serving terms of reincarceration for violations of federal and New York State supervision, Plaintiff's 2005 Fairfax County of Virginia charges were pending. Upon release from New York State prison on February 6, 2008, Plaintiff was later apprehended by Virginia authorities, where, in Fairfax County, he was sentenced, on January 15, 2009, to a 10-year sentence of incarceration, with 8 years suspended. See Sentencing Order of the Hon. R. Terrence Ney, Virginia: Fairfax County, entered on January 15, 2009, attached as Exhibit B to the Keane Decl.; Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3. Plaintiff was released to Virginia supervision on February 11, 2010. See, e. g., Sentence Monitoring Computation Data, as of 1-11-13, for Jesus Santiago, attached as Exhibit F to the Keane Decl.; Order on Petition for Revocation of Supervised Release, issued by the Hon. T.S. Ellis, III, attaching Petition on Supervised Release, filed November 30, 2005, for the case, U.S.A. vs. Jesus Santiago, Eastern District of Virginia docket no. 1:01-CR-00251-001, attachments, pp. 1-3. Plaintiff later pleaded guilty to additional crimes in Loudoun County, Virginia on July 5, 2013, for which he was sentenced on September 27, 2013, and then taken into custody and released from State of Virginia prison for those violations on May 20, 2015. See, e. g., Sentence Monitoring Computation Data, as of 1-11-13, for Jesus Santiago, attached as Exhibit F to the Keane Decl.

Defendants should be allowed to present to the jury the evidence documented above – and permit the jury to decide to what extent Plaintiff's New York PRS, both periods of supervision and periods of reincarceration, overlapped with or were superseded by sentences of supervision or incarceration in the State of Virginia and the Eastern District of Virginia.

Further, beyond the argument that Defendants should be allowed to make to the jury that Plaintiff's damages are limited or erased by the sentences imposed in other jurisdictions, Defendants should also be allowed to argue that the measure of damages Plaintiff claims is diminished for him because his expectations and experiences diminish the gravity of any damages he did incur as a result of Defendants' actions or inactions.

As set forth in Defendants' earlier briefing, and not addressed by Plaintiff in this briefing, the case law permits Defendants to argue that the jury should consider his history of felony convictions, and his experience in prison, including his disciplinary history, and his experience on parole, including his parole violations, as relevant to quantifying damages arising from any restrictions on liberty he may be able to prove, and admissible under Fed. R. Evid. 609, 402 and 403 (and not just for impeachment and causation purposes). See Sanabria v. State of New York, 29 Misc. 3d 988, 995-96 (Ct. Cl. 2010).

**CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motions *in limine* and deny Plaintiff's motions *in limine* in their entirety.

Dated: New York, New York
July 29, 2022

Respectfully submitted,
LETITIA JAMES
Attorney General of the
State of New York
Attorney for Defendants

By:

/Michael J. Keane

MICHAEL J. KEANE
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8550