UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JESUS SANTIAGO**,<br><br>       Plaintiff,<br><br> -against-<br><br>**BRIAN FISCHER, individually and as Commissioner of the New York State Department of Corrections and Community Supervision, et. al.**,<br><br>       Defendants. | Index No. 12-CV-02137 (KAM) (ST) |

**PLAINTIFF'S MOTIONS IN LIMINE**

Rickner PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

 Robert Rickner, Esq.

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................................i

**I.   DEFENDANTS CANNOT REDUCE THEIR LIABILITY WITH SPECULATIVE ARGUMENTS ABOUT WHAT MIGHT HAVE HAPPENED IN AN ALTERNATE UNIVERSE, AND ANY EVIDENCE IN SUPPORT OF SUCH ARGUMENTS SHOULD BE EXCLUDED.**..................................................................................................................1

    a.   Defendants failed to resentence Plaintiff, so they are liable for his illegal confinement......1

    b.   The Virginia cases are not an alternate cause of Plaintiff's injury, and Defendants should not be allowed to argue otherwise or present related evidence. ....................................................4

**II.   THE DETAILS OF PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED, AND THEIR USE FOR IMPEACHMENT LIMITED.** ....................................5

    a.   The details of Plaintiff's criminal convictions are prejudicial, and irrelevant......................5

    b.   Plaintiff's other contacts with the criminal justice system have limited impeachment value because they are mostly over a decade old, and are not related to crimes of fraud and dishonesty. .......................................................................................................................5

**III.   DEFENDANTS SHOULD BE ORDERED TO LIMIT THEIR WITNESS LIST.**..........6

# ARGUMENT

This is a trial on damages, not the Defendants' third attempt to re-litigate summary judgment on liability, so this Court should drastically limit, if not strike altogether, Defendants' witnesses and exhibits. Even a cursory review of the witnesses and exhibits reveals that Defendants plan on trying to turn this damages trial into a complex exploration of the New York, and Virginia, parole and legal systems, inviting the jury to engage in rank speculation based on highly prejudicial facts, without any regard for the Second Circuit's repeated rulings against Defendants. This trial should be limited to the narrow damages question left in this case—rather than letting Defendants turn it into a lengthy, confusing circus.

**I.   DEFENDANTS CANNOT REDUCE THEIR LIABILITY WITH SPECULATIVE ARGUMENTS ABOUT WHAT MIGHT HAVE HAPPENED IN AN ALTERNATE UNIVERSE, AND ANY EVIDENCE IN SUPPORT OF SUCH ARGUMENTS SHOULD BE EXCLUDED.**

Defendants, in their recent letter Court, indicated that they plan on arguing that damages should be limited because some other jurisdiction would have held him in custody. Dkt. No. 173. And in their second summary judgment motion, Defendants essentially argued that Plaintiff could have been properly sentenced, so even if he was not, Defendants did not cause him any damage. *Santiago v. Cuomo*, No. 12-CV-2137 (KAM)(ST), 2019 WL 8587292, at *9 (E.D.N.Y. Sept. 23, 2019). These arguments are repeated in the Joint Pre-Trial Order. Dkt. No. 168. Both of these arguments fail as a matter of law and fact, so the related witnesses and exhibits should not be presented to the jury, which would be highly confusing and deeply prejudicial.

   a.   **Defendants failed to resentence Plaintiff, so they are liable for his illegal confinement.**

The essential facts regarding liability are not in question, which is why summary judgment was granted in Plaintiff's favor. In 2006, the Second Circuit found that it was unconstitutional for the New York State Department of Correction to unilaterally impose post-

1

release supervision, after a judge failed to make it part of the sentence. *Earley v. Murray*, 451 F.3d 71, 76 (2d Cir. 2006) ("the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally"). But Defendants ignored this clear instruction, and are liable for not "expeditiously" implementing the Second Circuit's ruling. *Earley v. Annucci*, 810 F. App'x 60, 64 (2d Cir. 2020). Indeed, the Second Circuit already found that it was illogical for these Defendants to claim that they did not need to start complying with *Earley* immediately: "Each defendant testified that nothing prevented him from taking these steps back in 2006, and the logistical difficulties did not decrease in the interim." *Betances v. Fischer*, 837 F.3d 162, 174 (2d Cir. 2016).

The undisputed fact is that the reason Plaintiff was imprisoned, in the custody of the State of New York, from June 19, 2007 to January 31, 2008, was because the Defendants failed to take prompt steps to implement the 2006 *Earley* decision. In narrow cases, where the criminal defendants were resentenced *nunc pro tunc*, only nominal damages are available. *Betances v. Fischer*, 403 F. Supp. 3d 212, 232 (S.D.N.Y. 2019). But Plaintiff was not resentenced, so this exception does not apply. *Santiago*, 2019 WL 8587292, at *4. This is law of the case.

Now, Defendants are trying to take a footnote from the Second Circuit and read it so broadly that it effectively overrules the rest of the opinion on causation. This too fails. Defendants in *Betances* argued that they are not responsible for causing any injury because there were district attorneys, judges, and other parts of the criminal justice system that were resistant to *Earley*. *Betances v. Fischer*, 837 F.3d 162, 174 (2d Cir. 2016). The Second Circuit firmly rejected this argument, explaining that Defendants are liable for their own conduct, and if they had actually tried to comply with *Earley*, they would have been relieved from liability—but they did not, so they are still liable. *Id*.

2

After this part of the opinion, the Second Circuit added a footnote that explained that, "the actions of others might inform any assessment of causation for specific injuries claimed by plaintiffs against these defendants." *Id*. at fn2. The district court in *Betances* readily explained what this footnote meant in practice: "An example might be a Plaintiff who suffered a beating by another inmate while incarcerated for a PRS violation. Plaintiffs would be hard-pressed to attribute those injuries to Defendants." *Betances v. Fischer*, 403 F. Supp. 3d 212, 235 (S.D.N.Y. 2019). Nothing in Defendants' arguments in the Joint Pre-Trial-Order, or the witness list or proposed exhibits, suggests that Defendants intend to make an argument that his injuries were caused by entirely by some unknown third party. Instead, it is apparent that Defendants want to try to escape liability for their failure to implement *Earley* by blaming everyone else in the criminal justice system. This is exactly what was rejected by the Second Circuit, and this Court, and Defendants should not be permitted to make these arguments again at trial. Not only are these arguments contrary to the law, including appeals they have already lost, they are deeply prejudicial to Plaintiff and will confuse the jury.

Further, a ruling to the contrary would effectively allow Defendants to wrongfully apportion damages to unidentified parties. Most courts have found that there is no right to contribution under 42 U.S.C. § 1983. *See Greene v. City of New York*, No. 08-CV-243 (RJD), 2010 WL 1936224, at *3 (E.D.N.Y. May 12, 2010) (finding that wrongdoers cannot bring in third parties to pay damages for constitutional violations). Allowing Defendants to redistribute their financial liability to other parties would frustrate the purpose of § 1983. *See Mathis v. United Homes, LLC*, 607 F. Supp. 2d 411, 429 (E.D.N.Y. 2009). This is particularly apt where, as here, the Defendants are trying to blame judges and district attorneys who have absolute

3

immunity. The theoretical interference by unidentified district attorneys and judges should not entitle Defendants to a damages offset.

   b. **The Virginia cases are not an alternate cause of Plaintiff's injury, and Defendants should not be allowed to argue otherwise or present related evidence.**

In the Joint Pre-Trial Order, Defendants also argue that Plaintiff would have faced post-release supervision based on two other criminal cases. Not so.

The Virginia state court criminal action was not resolved until December 11, 2019, nearly a year after Plaintiff was released from the State of New York's custody. *See* Ex. A (Virginia State Sentence). He received a two-year custodial sentence, and eight years of post-release supervision. There is no evidence whatsoever that Plaintiff's sentence in this criminal case was somehow shorter because he was incarcerated in New York for more than six months. Any claim otherwise is rank speculation. This evidence is irrelevant, and is prejudicial to Plaintiff, so it should be excluded.

Similarly, the Virginia federal case is also not an alternate cause of Plaintiff's injuries. When he was arrested in 2007, Plaintiff was not in a federal prison. And in 2008, after he was released from state custody, he was returned to federal custody. *See Santiago*, 2019 WL 8587292, at *4. Several months later, on June 6, 2008, Plaintiff was sentenced to seven months in federal prison for violating the terms of his release. *See* Ex. B (Federal Docket Sheet). Nothing in the record suggests that Plaintiff received a discount on his federal sentence, or that he would have been in federal prison anyway. To say otherwise is, again, total speculation.

It may be that Defendants are arguing that Plaintiff's time on post-release supervision, when he was not incarcerated, are part of his damages, and thus the fact he had overlapping post-release supervision from the federal conviction is relevant. But Defendants successfully excluded

all other time periods in their motion for summary judgment. Dkt. No. 93 at 36. Defendants have already won this point and do not need to submit evidence at trial to win it again.

Put simply, the reason Plaintiff was in prison, in the State of New York, from June 19, 2007 to January 31, 2008, was because of Defendants' persistent failure to follow the Second Circuit's clear ruling. Both this Court and the Second Circuit have ruled that this evidence is irrelevant to the very causation issue it is being offered for. Further, allowing Defendants to admit all the evidence of these other criminal cases, and related post-release supervision, would prejudice Plaintiff and effectively deny him a fair trial. This is a trial on damages, not a referendum on Plaintiff's criminal history.

**II.     THE DETAILS OF PLAINTIFF'S CRIMINAL HISTORY SHOULD BE EXCLUDED, AND THEIR USE FOR IMPEACHMENT LIMITED.**

   **a.  The details of Plaintiff's criminal convictions are prejudicial, and irrelevant.**

Perhaps, the fact that Plaintiff had been convicted of a felony in 2005, and was placed (wrongly) on post-release supervision, is relevant, at least to the extent it gives the jury some context as to why Plaintiff was incarcerated from June 19, 2007 to January 31, 2008. But beyond that, what Plaintiff was convicted of, and the surrounding facts, are irrelevant and unduly prejudicial. To the extent that the specifics of Plaintiff's criminal conviction and post-release supervision are admitted into evidence, it should be limited to these basic facts, rather than the details of his conviction.

   **b.  Plaintiff's other contacts with the criminal justice system have limited impeachment value because they are mostly over a decade old, and are not related to crimes of fraud and dishonesty.**

At the outset, Plaintiff should not be impeached based on prior arrests. Under Fed. R. Evid. 608, an arrest alone is not allowed for impeachment because "[i]t happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the

5

trustworthiness of a witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) (quoting *Michelson v. United States*, 335 U.S. 469, 482 (1948). Similarly, misdemeanors have limited impeachment value. Minor crimes, punishable by imprisonment for less than one year, should be excluded under Fed. R. Evid. 609(a)(1). *See United States v. Nichols*, 808 F.2d 660, 664 (8th Cir. 1987) (finding that "impeachment is proper only if the conviction permits imprisonment greater than one year").

Further, for the purposes of impeachment, any felony conviction from more than a decade ago is only permitted to be used for impeachment under Fed. R. Evid. 609(b) if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Convictions more than a decade old should be "admitted very rarely and only in exceptional circumstances." Fed. R. Evid. 609 advisory committee's note. In fact, a conviction this old typically may only be admitted following a hearing: "[W]hen convictions more than ten years old are sought to be introduced into evidence pursuant to Rule 609(b) the district judge should make an on-the-record determination supported by specific facts and circumstances that the probative value of the evidence substantially outweighs its prejudicial effect." *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978).

Plaintiff has been convicted of several crimes and violations, but the vast majority these convictions were more than a decade ago, so they have limited impeachment value, particularly when weighed against the prejudice.

### III.   DEFENDANTS SHOULD BE ORDERED TO LIMIT THEIR WITNESS LIST.

Defendants' witness list 28 people on it, some of whom are not even identified by name. 20 of these proposed witnesses purport to have testimony regarding vague topics like, "Plaintiff's experience on PRS" and "the Parole response to Plaintiff's case." Others include judges and prosecutors from Virginia. The sole issue at trial, we submit, is the damages related to Plaintiff's

6

illegal incarceration from June 19, 2007 to January 31, 2008, so these witnesses have no relevant testimony. But to the extent this Court disagrees and allows Defendants to present their larger causation defense, the Defendants need to decide which witnesses they actually plan to call, and they need to state with some details what these witnesses plan on testifying to. The current Joint Pre-Trial Order does not tell this Court or the Plaintiff who might really testify, and what they might say.

## CONCLUSION

For the reasons stated above, the irrelevant and prejudicial details of Plaintiff's criminal history should not be presented to the jury, either as direct evidence or for impeachment, and Defendants should be ordered to limit their witness list to the witnesses that are relevant and will actually appear at trial.

Dated:  New York, New York
        July 13, 2022

Rickner PLLC

By:          /s/

            Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*

7