UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JESUS SANTIAGO**, <br><br> Plaintiff, <br><br> -against- <br><br> **BRIAN FISCHER, individually and as Commissioner of the New York State Department of Corrections and Community Supervision, et. al.**, <br><br> Defendants. | Index No. 12-CV-02137 (KAM) (ST) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE**

Rickner PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

    Robert Rickner, Esq.

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................... i

**I.     DEFENDANTS' CAUSATION ARGUMENTS HAVE BEEN REJECTED BY THE SECOND CIRCUIT AND FAIL AS A MATTER OF LAW.** ............................... 1

    A.     DEFENDANTS ARE LIABLE FOR PLAINTIFF'S DAMAGES BECAUSE THEY FAILED TO RESENTENCE HIM; PLAINTIFF HAS NO BURDEN OF PROOF ON THIS ISSUE. .............................. 1

    B.     THE PAROLE CONDITIONS FROM OTHER CASES ARE NOT RELEVANT. .................................... 2

    C.     DEFENDANTS CANNOT SHIFT LIABILITY, EVEN IN PART, TO THE REST OF THE CRIMINAL JUSTICE SYSTEM. .......................................................................................................... 2

**II.    DEFENDANTS SHOULD HAVE TO DISCLOSE ANY CRIMINAL HISTORY THEY PLAN ON USING FOR IMPEACHMENT PRIOR TO TRIAL SO IT CAN BE PROPERLY EVALUATED.** ........................................................................................ 3

# ARGUMENT

I.  **DEFENDANTS' CAUSATION ARGUMENTS HAVE BEEN REJECTED BY THE SECOND CIRCUIT AND FAIL AS A MATTER OF LAW.**

   a. **Defendants are liable for Plaintiff's damages because they failed to resentence him; Plaintiff has no burden of proof on this issue.**

The core of Defendants' argument is that, "a resentencing without a PRS term was authorized for the first time upon the enactment, as of July 1, 2008, of an amendment to Penal Law § 70.45, allowing for a sentence without PRS, upon the consent of the District Attorney." Def. MIL at 10. This is false, and was specifically rejected by the Second Circuit because, "all three defendants have admitted that nothing prevented them from taking these same actions when they first understood the requirements of *Earley I*." *Betances v. Fischer*, 837 F.3d 162, 172 (2d Cir. 2016); Earley v. Murray, 451 F.3d 71, 76 (2d Cir. 2006) ("*Earley I*") ("Thus, when DOCS discovered the oversight made by Earley's sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally.").

Further, even if they could not have resentenced Plaintiff, that does not justify violating his rights. All the Defendants needed to do was, "either to have them resentenced by the court for the imposition of PRS terms in a constitutional manner or to excise the PRS conditions from their records and relieve them of those conditions." *Vincent v. Yelich*, 718 F.3d 157, 172 (2d Cir. 2013). Defendants failed to do so, and instead allowed Plaintiff to be incarcerated based on the unconstitutionally imposed conductions of supervised release.

Consequently, Plaintiff has no burden here. Defendants violated his rights by allowing these illegal administrative conditions to remain in place without either removing them or having Plaintiff properly resentenced (which they admit they could have done). Defendants are wrong to claim that, "Plaintiff must establish that, had Defendants complied with Earley, and referred him for resentencing promptly after August 31, 2006, Plaintiff would have been resentenced without

1

PRS." Def. MIL at 10. If this even is a defense, this Court has already ruled that the Defendants would have the burden of proof. *See Santiago v. Cuomo*, No. 12-CV-2137(KAM)(ST), 2019 WL 8587292, at *8 (E.D.N.Y. Sept. 23, 2019). But this Court has already ruled that Defendants "cannot" prove that Plaintiff would have received the same sentence. *Id*. This is law of the case, and Defendants should not be permitted to speculate, without evidence, as to what might have happened if they had actually followed *Earley I*. Defendants are liable for not fixing their mistake – i.e. illegally expanding Plaintiff's sentence – after the Second Circuit made it clear they had to do so. Not only would it be speculative, it would be fundamentally unjust to allow the Defendants to argue to the jury that even though they violated Plaintiff's rights, the jury should speculate as to what might have happened if they had not, and timely followed the Second Circuit's directives in *Earley I*.

    **b. The parole conditions from other cases are not relevant.**

The sole reason Plaintiff was in custody in New York was the illegal expanded sentence Defendants imposed. Had Defendants not violated Plaintiff's rights, he may have been incarcerated in Virgina sooner, but he also would not have been incarcerated in New York at all. The fact he might have started his other sentences for parole violations sooner does not change the fact that he was incarcerated longer, in New York, solely because of Defendants' actions. That is the damages claim, and there is no reason for the jury to hear about his other incarcerations, after he left New York, as the testimony and evidence is both irrelevant and prejudicial.

    **c. Defendants cannot shift liability, even in part, to the rest of the criminal justice system.**

At the outset, the Defendants are wrong to claim that the rest of the criminal justice system is responsible for Plaintiff's injuries. Defendants illegally imposed the term of supervised

2

released, administratively, and could have just as easily, "excise the PRS conditions from their records and relieve [Plaintiff] of those conditions." *Vincent v. Yelich*, 718 F.3d 157, 172 (2d Cir. 2013). Defendants may have wanted Plaintiff to have a sentence imposed that was consistent with New York law, but that does not authorize them to violate Plaintiff's rights. Whether Defendants could or could not have successfully resentenced Plaintiff is irrelevant.

Further, even if the district attorneys and judges and other unknown actors were even partially liable for what happened to Plaintiff, that does not allow Defendants to apportion them liability. When there is an indivisible injury, like Plaintiff's incarceration here, individuals are jointly and severally liable for any damages, even if other government actors, even policy makers, are also liable. *See DiSorbo v. Hoy*, 343 F.3d 172, 175 (2d Cir. 2003). Because Defendants are liable for the entire amount of the damages they proximately caused, there is no reason for the jury to consider any other hypothetical actors' portion of the liability.

## II. DEFENDANTS SHOULD HAVE TO DISCLOSE ANY CRIMINAL HISTORY THEY PLAN ON USING FOR IMPEACHMENT PRIOR TO TRIAL SO IT CAN BE PROPERLY EVALUATED.

Plaintiff admittedly has a lengthy criminal history, but as Plaintiff argument in his Motions in Limine, much of that history should be excluded, if not all of it, contrary to Defendants' arguments here. This inquiry, however, should not happen in a vacuum. Defendants should be ordered to state which parts of Plaintiff's criminal history they believe can be used for impeachment under the Federal Rules of Evidence, so any specific ruing necessary can be handled before trial.

## CONCLUSION

For the reasons stated above, Defendants should not be allowed to put irrelevant material before the jury, and should disclose specifically what parts of Defendants' criminal history they believe are relevant for impeachment, so any rulings can be handled before trial.

Dated:  New York, New York
       July 26, 2022

Rickner PLLC

By:     /s/

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*