UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS SANTIAGO,<br><br>                         Plaintiff,<br><br>     -against-<br><br>BRIAN FISCHER, individually and as Commissioner of the New York State Department of Corrections and Community Supervision, et. al.,<br><br>                         Defendants. | Index No. 12-CV-02137 (KAM) (ST) |

## REVISED JOINT PRE-TRIAL ORDER

**1.**     Caption: The full caption of the action.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS SANTIAGO,<br><br>                         Plaintiff,<br><br>     -against-<br><br>BRIAN FISCHER, individually and as Commissioner of the New York State Department of Corrections and Community Supervision, ANTHONY J. ANNUCCI, individually and as Deputy Commissioner of and Counsel to DOCS, TERRENCE X. TRACY, individually and as Chief Counsel to DOP,<br><br>                         Defendants. | Index No. 12-CV-02137 (KAM) (ST) |

    **2.**    Parties and Counsel: The names, addresses (including firm names), telephone, and fax numbers of trial counsel.

    **Plaintiff: Jesus Santiago**, who can be contacted through his counsel, Rob Rickner, Rickner PLLC, 14 Wall Street, Suite 1603, New York, New York 10005, Tel: 212-300-6506, Fax: 888-390-5401.

    **Defendants:** Brian Fischer, Anthony Annucci, and Terrence Tracy, who can be contacted through their counsel, Michael J. Keane, Office of the Attorney General of the State of New York, 28 Liberty Street, 18th Floor, New York, New York 10005, Tel: 212-416-8550, Fax: 212-416-5671

    **3.**    Jurisdiction: A brief statement by plaintiff as to the basis of subject matter jurisdiction and a brief statement by each party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

There is federal question jurisdiction as the claims arise under 42 U.S.C. § 1983.

    **4.**    Claims and Defenses: A brief summary by each party of the claims and defenses that the party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

    **Plaintiff:** There are no claims or defenses, as such, as the only issue at trial is damages.

    **Defendants:** Defendants claim that the issues remaining for trial include whether Plaintiff is entitled to damages for failing to take reasonable steps to attempt to have Plaintiff resentenced to or to attempt to relieve him of post-release supervision ("PRS") in the period between June 12, 2007, and February 6, 2008. This Court, in its decision dated September 23, 2019, found

Defendants liable for failing to make these attempts. In its decision dated September 23, 2019, the Court held that damages could not be decided as a matter of law and that issues of fact existed for trial as to whether Plaintiff was entitled to more than nominal damages of $1.00 or to punitive damages.

Trial includes determining issues as to whether "the actions of others might inform any assessment of causation for specific injuries claimed by" Plaintiff, including whether "the district attorneys and judges [who] ultimately rejected compliance [with Earley]," would have prevented prompt resentencing. *Betances v. Fischer*, 837 F.3d 162, 174 (2d Cir. 2016).

Defendants contend that the issues for trial are whether Defendants, for not promptly referring Plaintiff for a resentencing hearing, caused Plaintiff any damages, and if so, what damages, and in what amount, if any.

First, Plaintiff is not entitled to any damages, as Defendants were not the proximate cause of Plaintiff's claimed damages, as other government actors in state and federal criminal justice systems, including in the State of New York, the State of Virginia, and the United States District Court for the Eastern District of Virginia, caused Plaintiff's continuing incarceration and supervision.

Second, and alternatively, Defendants' defenses include (1) that Plaintiff is limited to nominal damages, because, if had he received the process he was due (a prompt resentencing), he would have served the same PRS term; (2) that Plaintiff cannot meet his burden to prove that Defendants caused him any compensatory damages, as any such damages were caused by other government actors, including district attorneys and courts, by resisting resentencings; and (3) that Plaintiff is not entitled to punitive damages, as the record does not support any claim for punitive damages.

Further, Defendants' defenses include that Plaintiff failed to mitigate any damages he claims, and that he is not entitled to damages as he was a fugitive from justice, and that he is estopped from his claims for damages by the doctrines of collateral estoppel and/or res judicata.

Defendants were denied a grant of qualified immunity, although Defendants reserve the right to renew their claim for qualified immunity if appropriate.

Defendants no longer assert defenses that certain of Plaintiffs' claims for damages are barred by the statute of limitations.

Plaintiffs' claims against other Defendants, including George Alexander, Robert Dennison, Anthony Ellis, Andrea Evans, Glenn Goord, Lucien LeClaire, Kevin Ludlow, Mark Mantei, Sally Thompson, Richard Corrado, Jean Zunno, Lisa Elovich, Martin Arroyo, William McCartney, Arvella McKinney, Meryl Fleischman, Claudio Paredes, Darryl Stevenson, J. Mason, Cynthia Johnson, Peter Alvarez, and Kimberly Council were dismissed for lack of personal involvement by this Court in its September 30, 2017 Memorandum and Order.   5.

**5.**     Damages and Relief: A brief statement of the categories, method of calculation, and amounts of damages claimed or other relief sought, and the opposing party's position.

**Plaintiff:** Plaintiff seeks compensatory damages for the pain and suffering endured during his wrongful incarceration, damages for his loss of liberty,[1] and punitive damages. These damages are not amenable to a specific mathematical calculation.

**Defendants:** Defendants contend that Plaintiff is not entitled to any damages, as Defendants were not the proximate cause of Plaintiff's claimed damages, and that, in any event, Plaintiff is limited to nominal damages, because, if had he received the process he was due (a

---

[1] Plaintiff contends that damages for loss of liberty are separate from compensatory damages for pain and suffering. *See Kerman v. City of New York*, 374 F.3d 93, 125 (2d Cir. 2004).

4

prompt resentencing), he would have served the same PRS term.[2] Further, Plaintiff has no damages because his federal and State of Virginia sentences were concurrent to his State of New York sentence, and his life would not have changed even if he had not served PRS during the relevant time. Defendants further contend that the record does not support any claim for punitive damages.

    **6.** Jury or Bench Trial: A statement by each party as to whether the case is to be tried with or without a jury, proposed number of jurors, and the number of trial days needed.

    **Plaintiff:** This case should be tried before a jury, 8 jurors total. All jurors should deliberate, with 6 jurors being sufficient for a verdict. At most, two days of trial will be needed.

    **Defendants:** This case should be tried before a jury, 8 jurors, including 2 alternates, all of whom will deliberate. Defendants do not consent to a less than unanimous verdict. Trial will last 4 days.

    **7.** Consent to Magistrate Judge: A statement as to whether all parties have consented to trial of the case by a Magistrate Judge. The statement shall not identify which parties have or have not consented.

The parties have not agreed to trial before a magistrate.

    **8.** Stipulations: Any stipulations or statements of fact or law which have been agreed to by all parties.

    **Plaintiff:** No stipulations have been agreed upon, but judgment has been entered as to liability against all Defendants, which needs to be reflected in the jury instructions before trial.

    **Defendants:** No stipulations have been agreed upon, but Defendants contend that

---

[2] Defendants contend that footnote 1 misapplies *Kerman* and that Plaintiff is not entitled to "loss of liberty" damages for the time spent on PRS, as his right "sounds in procedural due process." *Sudler v. City of New York*, 689 F.3d 159, 170 (2d Cir. 2012). See also *Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016); *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) (citing *Carey v. Piphus*, 435 U.S. 247 (1978)).

numerous stipulations of undisputed law and facts should be adopted, including, but not limited to, stipulations with respect to the concurrent supervision of Plaintiff by federal and State of Virginia and State of New York authorities, and specifically the fact that Plaintiff's federal supervision for a 2001 conviction and sentence in the Eastern District of Virginia, and that his State of Virginia supervision for a 2005 conviction and sentence in Fairfax County were concurrent to his New York State PRS.[3]

9. **Witnesses:** A schedule by each party designating names and addresses of fact and expert witnesses whose testimony is to be offered in its case in chief, and possible witnesses whose testimony may be offered only for impeachment or rebuttal purposes, together with a brief narrative statement of the expected testimony of each listed witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and a lack of prejudice and good cause are shown.[4]

**Plaintiff:** Plaintiff will call Plaintiff Jesus Santiago as a witness as to his damages.

**Defendants:** Defendants will call the following witnesses, who can be communicated with through counsel for Defendants:

**Defendants themselves:**

Anthony Annucci – will testify as to the DOCS response to PRS and Plaintiff's case

Brian Fischer – will testify as to the DOCS response to PRS and Plaintiff's case

Terrence Tracy – will testify as to the Parole response to PRS and Plaintiff's case and his referral for resentencing

---

[3] The factual and legal impact of the out-of-state sentences, in part admitted by Plaintiff in responses to Request for Admission, may require resolution, if not stipulated, through an additional motion *in limine*.

[4] Revisions to this proposed pre-trial order reflect in large part Defendants' paring of their witness list.  Plaintiff has not had the opportunity to review this paring, and reserves the right (and has Defendants' consent) to make whatever appropriate revisions, modifications or objections he may find necessary.

### Counsel for DOCS and the New York State Division of Parole:

Richard de Simone – former counsel to DOCS, will testify as to the DOCS response to PRS and Plaintiff's case, and specifically the computation of Plaintiff's New York sentence and how it affected or was affected by sentences imposed by other jurisdictions

### Parole Officers Who At Relevant Times Supervised Plaintiff[5]:

Parole Officer Peter Alvarez – will testify as to Plaintiff's experience on PRS, and specifically his 2005 parole violations in New York[6]

### Potential Impeachment Witnesses:

#### Administrative Law Judge Presiding Over Revocation Hearing

The Hon. Rhonda Tomlinson – will testify as to Plaintiff's 2007 revocation hearing

#### United States Probation Officer for the Eastern District of New York

Federal Probation Officer Frank Khoury will testify as to Plaintiff's experience on federal probation

#### Former Counsel to the State Office of Court Administration

If necessary, the Hon. Paul McDonnell will testify as to the response of the State Court system to PRS

#### Assistant United States Attorney for the Eastern District of Virginia

If necessary, a witness will testify as to the federal sentence and probation of Plaintiff

---

[5] Defendants' witnesses are identified from Plaintiff's parole supervision chronological notes. All competent witnesses are listed because all are subject to availability on any designated trial date.

[6] If Peter Alvarez is unavailable, Defendants will call one (or possibly more, if necessary) of the following: Parole Officer Cynthia Johnson, parole Officer Kimberly Counsel, Parole Officer Claudio Paredes, Senior Parole Officer Meryl Fleischman, Senior Parole Officer Darryl Stevenson, Area Supervisor Arvella McKinney, Area Supervisor Doreen Kostner, or Area Supervisor William McCartney, to testify as to the subject matter indicated.

**Assistant District Attorney for Fairfax County of the Virginia Commonwealth**

If necessary, a witness will testify as to the Plaintiff's 2008 Virginia sentence

10.     Deposition Testimony: A designation by each party and copies of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

**Plaintiff:** Plaintiff has no designations, but reserves the right to use deposition testimony for cross-examination, and if a witness is so impeached, may seek to have the relevant deposition portion entered as evidence.

**Defendants:**  Defendants have no designations, but reserve the right to use deposition testimony for cross-examination, and may seek to have the relevant deposition portion entered as evidence.

11. Exhibits: A schedule by each party designating all exhibits to be offered in evidence and if not admitted by stipulation, the party or parties that will be offering them.

[remainder of Individual Rules section omitted]

| Exhibit # | Exhibit Description | Offering Party | Opposing Parties' Objections |
|---|---|---|---|
| 1 | Sentence and Order of Commitment | Plaintiff | |
| 2 | 12/15/2010 Revocation Order | Plaintiff | |
| 3 | 9/27/2010 § 601-d Notice | Plaintiff | |
| 4 | Parole Revocation Certificate of Disposition | Plaintiff | |
| 5 | 12/15/2010 Resentencing Transcript | Plaintiff | |
| A | Penal Law §§ 70.45, 70.00, 70.02, 70.04, 70.06 (1998) – Jenna's Law | Defendants | |
| B | Docket Sheet Va. E. D. 00-000251 | Defendants | |
| C | 1/27/00 NYPD Arrest Notification | Defendants | |
| D | Kings County Indictment No. 1141/00 | Defendants | |
| E | 5/3/02 Kings County Plea Minutes | Defendants | |
| F | 5/15/02 Kings County Sentencing Minutes | Defendants | |
| G | Sentence and Order of Commitment Received by Ulster Correctional Facility 4/22-04 | Defendants | |
| H | 7/8/04 CR Release Report | Defendants | |
| I | 11/07/2004 Certificate of Release to Parole | Defendants | |
| J | Parole Chronological Notes (computerized) for J. Santiago | Defendants | |
| K | Fairfax County, Virginia, Criminal Information Details for J. Santiago, Code Violations 18.2-248.1 (Felony), 18-248 (Felony), 18.2-282 (Misdemeanor) for Offense Date 10/31/05; 19.2-128 (Felony) for Offense Date 1/9/06; 19.2-128 (Felony), 19.2-128 (Felony) for Offense Date 6/25/08 | Defendants | |
| L | Prince William County, Virginia, Criminal Information Details for J. Santiago, Code Violations 18.2-91 (Felony) for Offense Date 9/24/06, 18.2-91 (Misdemeanor) for Offense Date 9/24/06; 19.2-306 (Revocation of Sentence) for Offense Date 4/13/07 | Defendants | |
| M | Richmond County, Virginia, Criminal Information Details for J. Santiago, Code Violations 19.2-306 (Revocation of Sentence) for Offense Date 4/13/07 | Defendants | |

| | | | |
|---|---|---|---|
| N | Fairfax County Revocation of J. Santiago 8-year Suspended Sentence 12/12/11 by the Hon. R. Terrence Ney | Defendants | |
| O | Virginia DOC Sentence Summary on 2005 Offense and 2008 Fairfax County Sentence | Defendants | |
| P | Virginia DOC Sentence Summary on 2005 Offense and 2008 Fairfax and Loudon County Sentences | Defendants | |
| Q | 12/11/08 Fairfax County Sentencing Order for 2005 Offense | Defendants | |
| R | Fairfax County Police Wanted Fugitives | Defendants | |
| S | Parole Status Inquiry Screenshots for J. Santiago 2007 Parole Violation | Defendants | |
| T | Violation of Parole Papers for 2007 Parole Revocation Proceeding for J. Santiago | Defendants | |
| U | 7/25/07 Certificate of Disposition of Parole Revocation Hearing of 7/9/07 | Defendants | |
| V | 2/04/08 Parole Board Release Decision Notice pursuant to interview of 1/29/08 | Defendants | |
| W | 2/2/08 Certificate of Release to Parole | Defendants | |
| X | 2007 Kings County District Attorney Petition for Supreme Court Review of *Earley v. Murray* | Defendants | |
| Y | 2007-2008 New York County Attorney Briefing to the New York State Court of Appeals in *People v. Sparber* | Defendants | |
| Z | Complaint in *State v. Myers*, filed in Albany County, June 2008 | Defendants | |
| AA | 2008 Amendments to Jenna's Law, including Penal Law § 70.45 and Correction Law § 601-d | Defendants | |
| BB | Memorandum of Understanding dated July 2008 entered into by the Division of Parole, the Department of Correctional Services, and the New York State Office of Court Administration | Defendants | |
| CC | 3/21/08 Notice of Arrest Warrant Issued 3/14/08 by the Division of Parole | Defendants | |
| DD | Violation of Parole Papers for 2010 Parole Revocation Proceeding for J. Santiago | Defendants | |
| EE | Violation of Parole Papers for 2010 Parole Revocation Proceeding for J. Santiago | Defendants | |
| FF | 10/01/10 Parole Revocation Decision Notice | Defendants | |
| GG | 9/27/10 Division of Parole Notice Pursuant to Corr. Law § 601-d | Defendants | |
| HH | 12/15/10 Kings County Post-release | Defendants | |

10

|    |                                                                      |            |  |
|----|----------------------------------------------------------------------|------------|--|
|    | Supervision Resentencing Order                                       |            |  |
| II | 12/15/10 Minutes of Resentencing Hearing                             | Defendants |  |
| JJ | 7/23/12 Fairfax County Police Department Detainer on J. Santiago     | Defendants |  |
| KK | 1998 Legal Aid Society Memorandum to LAS attorneys regarding Jenna's Law | Defendants |  |

Dated: New York, New York
August 31, 2022

**RICKNER PLLC**
Attorney for Plaintiff

*/s/ Rob Rickner*
Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
rob@ricknerpllc.com

**LETITIA JAMES**
Attorney General for the State of New York
Attorney for Defendants

*/s/ Michael J. Keane*
Michael J. Keane
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Phone: (212) 416-8550
michael.keane@ag.ny.gov