UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------

JESUS SANTIAGO,

                Plaintiff,

   - against -                               12-CV-2137 (KAM) (SLT)

CUOMO, et al.,                         PROPOSED STIPULATIONS

                Defendants.

------------------------------------------------------------------

Pursuant to the Order of the Hon. Kiyo A. Matsumoto, Plaintiff Jesus Santiago and Defendants Brian Fischer, Anthony Annucci, and Terrence Tracy, hereby submit the following stipulations of fact and law. The following stipulations of fact and law were proposed by the Defendants, and while they may be correct, Plaintiff has negotiated certain revisions but otherwise objects to the admission of many of them as irrelevant and excluded by this Court's rulings to date on the motions in limine:

1. Jesus Santiago, the plaintiff in this action, at the relevant times was an individual incarcerated in the New York State Department of Corrections and Community Supervision ("DOCCS"), then known as two agencies, the Department of Correctional Services ("DOCS") and the Division of Parole ("Parole").

2. In or around the first week of February, 2000, Mr. Santiago was arrested for a shooting incident that occurred on January 27, 2000, in Brooklyn, New York.

3. Mr. Santiago was arraigned for that offense on March 13, 2000, in Kings County Criminal Court, under Indictment No. 1141/2000, and released on bond pending a criminal trial, including on a charge of Criminal Possession of a Weapon.

4. On October 6, 2000, Mr. Santiago failed to appear for trial and a bench warrant was issued for his arrest.

5. On May 3, 2001, Mr. Santiago was found to be in possession with the intent to distribute crack cocaine in the State of Virginia, a violation of United States Criminal Code 21 U.S.C. §841(a)(1), and was charged with two other counts of violations of federal law.

6. On June 12, 2001, Mr. Santiago was taken into federal custody in Alexandria, Virginia and incarcerated in in the Eastern District of Virginia.

7. On November 16, 2001, Mr. Santiago pleaded guilty in the United States District Court for the Eastern District of Virginia to one count of possession with the intent to distribute crack cocaine.

8. Mr. Santiago was sentenced on November 16, 2001, under the Sentencing Reform Act of 1984, in the United States District Court for the Eastern District of Virginia, by the Hon. T.S. Ellis, III, to 37 months of incarceration in the Federal Bureau of Prisons followed by 4 years of federal supervised release.

9. At that time, Mr. Santiago had a New York State detainer as a result of the October 6, 2000, Kings County Criminal Court bench warrant.

10. Mr. Santiago was relocated to a New York City facility in Queens on January 2, 2002, in order to respond to the Kings County Criminal court bench warrant of October 6, 2000.

11. On May 3, 2002, Mr. Santiago pleaded guilty to Criminal Possession of a Weapon in the 2nd Degree under Indictment No. 1141/2000 in the Kings County Criminal Court before the Hon. Sheldon Greenberg.

12. At the plea hearing on May 3, 2002, in exchange for a minimum sentence retroactive to January 2, 2002, Mr. Santiago agreed to enter a guilty plea.

13. Judge Greenberg could not sentence Mr. Santiago that same day because the Kings County District Attorney had not yet prepared a pre-sentence report.

14. Sentencing was scheduled for May 14, 2002.

15. New York State Penal Law §70.45, and §§ 70.00 and 70.02, as in effect on May 14, 2002, applied to the sentence to be imposed.

16. On May 14, 2002, Mr. Santiago was sentenced in Kings County Criminal Court to a 3 ½ year term of incarceration.

17. At Mr. Santiago's sentencing on May 14, 2002, there was no mention of post-release supervision.

18. After his sentencing in Kings County Criminal Court, Mr. Santiago was returned to the United States Bureau of Prisons to complete his federal sentence.

19. Mr. Santiago's New York State sentence from the Kings County Criminal Court ran concurrently to his federal sentence.

20. On April 7, 2004, Mr. Santiago was released from the United States Bureau of Prisons to the custody of New York State DOCS to complete his New York State sentence from the Kings County Criminal Court in 2002.

21. On April 22, 2004, upon entry to a New York State DOCS prison reception center, Mr. Santiago's New York State sentence was noted in DOCS' computer system, and calculated for a release date, his "maximum expiration date," after crediting his sentence with time served in federal prison.

22. Mr. Santiago's maximum expiration date for his New York State sentence from the Kings County Criminal Court was November 7, 2004.

23. On November 7, 2004, Mr. Santiago was released from New York State DOCS to the New York State Division of Parole to serve post-release supervision.

24. New York State DOCS calculated that Mr. Santiago was to serve post-release supervision until November 7, 2009.

25. At the same time, Mr. Santiago was required to serve a 4-year term of federal

3

supervised release in connection with his sentence from the United States District Court from the Eastern District of Virginia.

26. Mr. Santiago's federal supervised release from the Eastern District of Virginia was transferred to the United States Probation Office for the Eastern District of New York, in Brooklyn, because he remained in New York to serve his post-release supervision from his New York sentence on parole under the supervision of the New York State Division of Parole.

27. Mr. Santiago's federal supervised release ran concurrently to his New York State post-release supervision.

28. Mr. Santiago was released from prison on condition that he adhere to certain conditions of release, including, for both his federal supervised release, and his New York State post-release supervision, that he not leave the State of New York.

29. On October 30, 2005, Mr. Santiago was arrested in Fairfax County, Virginia and charged with Brandishing a Firearm, Sale and Distribution of a Controlled Substance – Schedule I and II.

30. Mr. Santiago was scheduled to appear in Fairfax County General District Court to answer those charges on January 9, 2006.

31. On November 30, 2005, a "Petition on Supervised Release" was submitted to the federal court in the Eastern District of Virginia, charging Mr. Santiago with violations of the conditions of his supervised release.

32. On December 1, 2005, the federal court in the Eastern District of Virginia issued an arrest warrant for Mr. Santiago for his violations of supervised release.

33. On December 8, 2005, the New York State Division of Parole issued a warrant to serve as a detainer on Mr. Santiago if he appeared at his next court appearance.

34. On January 9, 2006, Mr. Santiago did not appear in Fairfax County General District

Court to answer the charges arising out of his arrest on October 30, 2005, and a bench warrant was issued for his arrest.

35. On June 6, 2006, the United States Court of Appeals for the Second Circuit ruled that post-release supervision in New York must be imposed at sentencing by a judge, and not calculated by DOCS.

36. The Second Circuit ruled that a sentence that contained a post-release supervision term that was calculated by DOCS, and not imposed by a judge violated due process rights under the United State Constitution.

37. On September 24, 2006, Mr. Santiago was found to have destroyed property in Prince William County, Virginia, for which he was arrested on felony charges on March 7, 2007.

38. On November 9, 2006, Mr. Santiago appeared before Judge Ellis of the Eastern District of Virginia for a hearing on the violations of the conditions of his federal supervised release.

39. On November 9, 2006, Judge Ellis of the Eastern District of Virginia sentenced Mr. Santiago for his violations..

40. Mr. Santiago served 8 months of incarceration in Hazelton Federal Prison in West Virginia.

41. Mr. Santiago was released from the Bureau of Prisons in West Virginia and turned over to a county facility, Tiger Valley Regional Jail. On June 12, 2007 he was extradited to New York to answer Division of Parole charges that he violated the terms and conditions of New York State post-release supervision.

42. On July 19, 2007, Mr. Santiago pleaded guilty to violations of his post-release supervision before an Administrative Law Judge of the New York State Division of Parole, and received a time assessment of 12 months of incarceration.

43. On August 13, 2007, Mr. Santiago was returned to Ulster Correctional Facility in New

5

York State DOCS.

44. Mr. Santiago's 12-month time assessment was credited with 55 days of jail time served in local custody from June 12, 2007 to August 5, 2007.

45. On February 3, 2008, Mr. Santiago was released to post-release supervision from Gouverneur Correctional Facility in New York State DOCS.

46. At the time Mr. Santiago was again released to post-release supervision by the New York State Division of Parole, he still had outstanding warrants for his arrest pursuant to his failure to appear in Fairfax County General District Court to answer the charges arising out of his arrest on October 30, 2005.

47. On February 8, 2008, a "Petition on Supervised Release" was submitted to the federal court in the Eastern District of Virginia, charging Mr. Santiago with violations of the conditions of his supervised release for failing to report to his Probation Office within 72 hours of his release from incarceration.

48. On February 19, 2008, the Eastern District of Virginia federal court issued an arrest warrant for Mr. Santiago.

49. On June 6, 2008, Mr. Santiago's supervised release was revoked by Judge Ellis, after Mr. Santiago admitted to violations. Judge Ellis sentenced Mr. Santiago to 7 months of incarceration followed by 2 years of supervised release.

50. On June 30, 2008, the New York State Legislature enacted amendments to Jenna's Law to provide for a procedure to correct criminal sentences in which judges did not impose post-release supervision, which had instead been calculated by DOCS. Among other things, the amendments provided that DOCS or the Division of Parole were required to refer individuals in their custody or under their supervision who were serving post-release supervision to their criminal courts for possible resentencing to terms of supervision. Correction Law § 601-d required State sentencing

judges, upon receipt of such "601-d letters" to calendar a resentencing hearing for any individual for whom the sentencing minutes did not indicate a period of PRS.

51. The June 2008 amendments provided for resentencings to a sentence without post-release supervision only if the District Attorney involved in the resentencing consented to a sentence without post-release supervision.

52. On December 11, 2008, Mr. Santiago was sentenced by Judge Terrance Ney in Fairfax County Circuit Court for his October 30, 2005, charges, and received a consecutive sentence of: Sentence Imposed: 10 Years 0 Months 0 Days, Sentence Suspended: 8 Years 0 Months 0 Days, Net Sentence: 2 Years 0 Months 0 Days, and the sentence was entered on January 15, 2009.

53. On February 11, 2010, Mr. Santiago was released from Virginia's Coffeewood Correctional Center.

54. In September of 2010, Mr. Santiago was returned to the custody of the New York State Division of Parole.

55. On September 14, 2010, Mr. Santiago was extradited from federal prison in West Virginia to the New York State Division of Parole to face charges that he violated his post-release supervision in New York.

56. At Mr. Santiago's final parole revocation hearing in October 2010, his post-release supervision was revoked, and he was ordered returned to DOCS to serve a 38-month time assessment.

57. After June 30, 2008, New York Correction Law § 601-d has provided that "[w]henever it appears to the satisfaction of [Parole] than an inmate in its custody or that a releasee under its supervision, is a designated person [an individual whose post-release supervision was calculated by DOCS, and not imposed by a judge], [Parole] shall make notification of that fact to the court that sentenced such person, and to the inmate or releasee."

58. On September 27, 2010, the Division of Parole his Kings County criminal court for a resentencing hearing.

59. Mr. Santiago was resentenced on December 15, 2010, without a term of PRS, upon the consent of the Kings County District Attorney, and after the sentencing court noted that it had found no evidence that PRS had been imposed in the original sentencing proceedings in 2002.

60. Mr. Santiago was released from his 2002 New York State criminal sentence on December 16, 2010.

61. On August 24, 2011, a "Petition on Supervised Release" was submitted to the federal court in the Eastern District of Virginia, charging Mr. Santiago with violations of the conditions of his supervised release for striking his wife on more than one occasion and for six outstanding misdemeanor warrants for assaulting a family member and making threatening phone calls.

62. On August 24, 2011, the Eastern District of Virginia Court issued an arrest warrant for Mr. Santiago.

63. On May 17, 2012, Mr. Santiago was sentenced to 9 months of reincarceration for violating the conditions of his supervised release from the Eastern District of Virginia probation.

64. Mr. Santiago was released from the United States Bureau of Prisons on January 12, 2013.

65. On July 5, 2013, Mr. Santiago pleaded guilty in connection with the 2011 State of Virginia charges of striking his wife and stalking, and was committed to the State of Virginia Department of Corrections.

66. On May 20, 2015, Mr. Santiago was released from Virginia State prison.

67. On October 30, 2017, Defendants Fischer, Annucci and Tracy were found liable to Mr. Santiago for violating his constitutional rights to due process for not referring him to his Kings County criminal sentencing court in the period from June 12, 2007 to February 6, 2008.

68. Mr. Santiago was incarcerated in the custody of DOCS or the New York State Division of Parole during that period of time.