UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JESUS SANTIAGO,

                      Plaintiff,

      - against -                                12-CV-2137 (KAM) (SLT)

CUOMO, et al.,                              PROPOSED STIPULATIONS

                      Defendants.

      Pursuant to the Order of the Hon. Kiyo A. Matsumoto, Plaintiff Jesus Santiago and Defendants Brian Fischer, Anthony Annucci, and Terrence Tracy, hereby submit the following stipulations of fact and law:

      1.      Jesus Santiago, the plaintiff in this action, at the relevant times, was an individual incarcerated in the New York State Department of Corrections and Community Supervision ("DOCCS"), then known as two agencies, the Department of Correctional Services ("DOCS") and the Division of Parole ("Parole").

      2.      In or around the first week of February, 2000, Mr. Santiago was arrested and incarcerated until March 13, 2000.

      3.      Mr. Santiago was arraigned for that offense on March 13, 2000, in Kings County Criminal Court, under Indictment No. 1141/2000, and released on bond pending a criminal trial.

      4.      On May 3, 2001, Mr. Santiago was incarcerated in federal prison.in the State of Virginia.

      5.      On June 12, 2001, Mr. Santiago was taken into federal custody in Alexandria, Virginia and incarcerated in in the Eastern District of Virginia.

      6.      On November 16, 2001, Mr. Santiago pleaded guilty in the United States District Court for the Eastern District of Virginia.

7. Mr. Santiago was sentenced on November 16, 2001in the United States District Court for the Eastern District of Virginia, to 37 months of incarceration in the Federal Bureau of Prisons followed by 4 years of federal supervised release.

8. Mr. Santiago was transferred to Hudson Correctional Facility in New York on January 2, 2002.

9. On May 3, 2002, Mr. Santiago pleaded guilty under Indictment No. 1141/2000 in the Kings County Criminal Court before the Hon. Sheldon Greenberg.

10. Judge Greenberg could not sentence Mr. Santiago that same day because the Kings County District Attorney had not yet prepared a pre-sentence report.

11. Sentencing was scheduled for May 14, 2002.

12. A Class C felony was required by New York State Penal Law §70.45 (a part of the 1998 "Jenna's Law") to include a five-year term of post-release supervision, as the statute provides that "[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision." See Penal Law § 70.45 (1). [stipulated as to the law, but pending decision by the court as to admissibility]

13. Penal Law §§ 70.00 and 70.02 provided that "when a person is sentenced as a violent felony offender pursuant to section 70.02 or as a second violent felony offender pursuant to section 70.04 or as a second violent felony offender on a conviction for a violent felony offense pursuant to section 70.06, *the court must impose a determinate sentence of imprisonment … and such sentence shall include, as apart thereof, a period of post-release supervision in accordance with section 70.45*" (emphasis added). See Penal Law § 70.00 (6). [stipulated as to the law, but pending decision by the court as to admissibility]

14. On May 14, 2002, Mr. Santiago was sentenced in Kings County Criminal Court to a 3 ½ year term of incarceration.

15. At Mr. Santiago's sentencing on May 14, 2002, there was no mention of post-release supervision.

16. After his sentencing in Kings County Criminal Court, Mr. Santiago was returned to the United States Bureau of Prisons to complete his federal sentence.

17. Mr. Santiago's New York State sentence from the Kings County Criminal Court ran concurrently to his federal sentence.

18. On April 7, 2004, Mr. Santiago was released from the United States Bureau of Prisons to the custody of New York State DOCS to complete his New York State sentence from the Kings County Criminal Court in 2002.

19. On April 22, 2004, upon entry to a New York State DOCS prison reception center, Mr. Santiago's New York State sentence was noted in DOCS' computer system, and calculated for a release date, his "maximum expiration date," after crediting his sentence with time served in federal prison.

20. Mr. Santiago's maximum expiration date for his New York State sentence from the Kings County Criminal Court was November 7, 2004.

21. On November 7, 2004, Mr. Santiago was released from New York State DOCS to the New York State Division of Parole to serve post-release supervision.

22. New York State DOCS calculated that Mr. Santiago was to serve post-release supervision until November 7, 2009.

23. At the same time, Mr. Santiago was required to serve a 4-year term of federal supervised release in connection with his sentence from the United States District Court from the Eastern District of Virginia.

24. Mr. Santiago's federal supervised release from the Eastern District of Virginia was transferred to the United States Probation Office for the Eastern District of New York, in Brooklyn,

because he remained in New York to serve his post-release supervision from his New York sentence on parole under the supervision of the New York State Division of Parole.

25. Mr. Santiago's federal supervised release ran concurrently to his New York State post-release supervision.

26. Mr. Santiago was released from New York State DOCS November 4, 2004, on condition that he adhere to certain conditions of release, including, for both his federal supervised release, and his New York State post-release supervision, that he not leave the State of New York.

27. On October 30, 2005, Mr. Santiago was arrested in Fairfax County, Virginia.

28. Mr. Santiago was incarcerated in Fairfax County, Virginia from October 30, 2005 to November 17, 2005.

29. On June 9, 2006, the United States Court of Appeals for the Second Circuit ruled that post-release supervision in New York must be imposed at sentencing by a judge, and not calculated by DOCS.

30. The Second Circuit ruled that a sentence that contained a post-release supervision term that was calculated by DOCS, and not imposed by a judge violated due process rights under the United State Constitution.

31. On November 9, 2006, Judge Ellis of the Eastern District of Virginia sentenced Mr. Santiago to 8 months of incarceration, to be followed by 30 months of federal supervised release.

32. Mr. Santiago served his 8 months of incarceration in Hazelton Federal Prison in West Virginia.

33. On June 6, 2007, Mr. Santiago was released from the Bureau of Prisons in West Virginia and extradited to New York to answer Division of Parole charges that he violated the terms and conditions of New York State post-release supervision.

34. On July 19, 2007, Mr. Santiago pleaded guilty to violations of his post-release

supervision before an Administrative Law Judge of the New York State Division of Parole, and received a time assessment of 12 months of incarceration.

35. On August 6, 2007, Mr. Santiago was returned to Ulster Correctional Facility in New York State DOCS.

36. Mr. Santiago's 12-month time assessment was credited with 55 days of jail time served in Rikers Island from June 12, 2007 to August 5, 2007.

37. On February 2, 2008, Mr. Santiago was released to post-release supervision from Gouverneur Correctional Facility in New York State DOCS.

38. On July 5, 2013, Mr. Santiago pleaded guilty to 2011 State of Virginia charges and was committed to the State of Virginia Department of Corrections.

39. On May 20, 2015, Mr. Santiago was released from Virginia State prison.

40. On October 30, 2017, Defendants Fischer, Annucci and Tracy were found liable to Mr. Santiago for violating his constitutional rights to due process for not referring him to his Kings County criminal sentencing court in the period from June 12, 2007 to February 6, 2008, a period when he was in the custody of DOCS or the New York State Division of Parole.

Dated: New York, New York
November 22, 2022

        LETITIA JAMES
        Attorney General of the
        State of New York
        <u>Attorney for Defendants</u>
        By:
        _____/s_____
        MICHAEL J. KEANE
        REBECCA DURDEN
        Assistant Attorneys General
        28 Liberty Street, 18th Floor
        New York, New York 10005
        (212) 416-8550

To: Robert Rickner, Esq.