```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
JESUS SANTIAGO

                Plaintiff,
                                              MEMORANDUM AND ORDER
            -against-
                                              12-CV-2137(KAM)(SLT)

BRIAN FISCHER, INDIVIDUALLY AND
AS COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                Defendants.
------------------------------------X
```

**MATSUMOTO, United States District Judge:**

In prior motions *in limine* before this Court, Defendants failed to include any argument or analysis about the relevance of Penal Law § 70.45 to punitive damages. Nonetheless, on November 18, 2022, the week before the start of trial, the Court provided the parties an opportunity to further brief Defendants' request [176] [177] to "introduce evidence as to Penal Law § 70.45," as Defendants had not specified what that evidence would be and belatedly argued that the evidence would be relevant to punitive damages. The Court has reviewed the parties' briefing [196] [197] regarding Defendants' request to "introduce evidence as to Penal Law § 70.45" at trial. The Court notes that Defendants included Penal Law § 70.45's legislative history and subsequent amendments, which Defendants

1

argue for the first time are also relevant to punitive damages. (ECF No. 198, Defendants' Brief on Penal Law § 70.45, at 2.) The Court respectfully DENIES the Defendants' request to introduce Penal Law § 70.45, its legislative history, and subsequent amendments at trial, for several independent reasons.

First, Defendants repeatedly fail to explain what specific evidence about Penal Law § 70.45 they would seek to introduce at trial. Despite this Court's instructions, Defendants do not state in their brief who in particular would testify as to Penal Law § 70.45 and what in particular those witnesses would say. Instead, Defendants appear to make legal arguments about Penal Law § 70.45, including referencing Plaintiff's original complaint (*id.* at 1) and how subsequent amendments to Penal Law § 70.45 only later provided Defendants with authority to "initiate re-sentencings" (*id.* at 2) of individuals who previously had had unconstitutional post-release supervision terms ("PRS") imposed by Defendants. (*See id.* at 3 ("Although this Court found that Defendants were liable for not taking steps such as re-sentencings, Defendants should be allowed to provide evidence that, as they understood the statute, they had no authority to do so.").)

Second, insofar as Defendants seek to have witnesses testify that they were relying on Penal Law § 70.45 during the

events relevant to this case, the Second Circuit has already rejected the Defendants' argument that their unconstitutional conduct was excused by Penal Law § 70.45. *Earley v. Murray* ("*Earley I*"), 451 F.3d 71, 76 (2d Cir. 2006) (holding that the DOCS practice of adding PRS to a sentence where Penal Law § 70.45 required it, but the sentencing judge had not imposed it, was unconstitutional), *reh'g denied*, 462 F.3d 147, 150 (2d Cir. 2006) ("*Earley II*"); *Betances v. Fischer* ("*Betances II*"), 837 F.3d 162, 165 (2d Cir. 2016). Specifically, in 2006, the Second Circuit found the administrative imposition of PRS by DOCS unconstitutional. *Earley I*, 451 F.3d at 76.

In the instant action, Defendants, based on prior Second Circuit rulings, are liable to Plaintiff for incarcerating him between June 12, 2007 to February 8, 2008 because of an administratively imposed post-release supervision. The Second Circuit, by the time Plaintiff was incarcerated for violating his illegal term of PRS, had found that despite the existence of Penal Law § 70.45, Defendants could not administratively impose PRS sentences. *Id*. at 73, 76. Therefore, despite the existence of Penal Law § 70.45 and any official's understanding of it, any PRS administratively imposed by Defendants "was, quite simply, never a part of the sentence." *Id*. at 76. Defendants are liable for causing the administrative

3

imposition of the PRS sentence on Plaintiff by 2006.  Even after the *Earley I* decision had determined that any administratively and illegally imposed PRS sentence was not a constitutional or legal sentence, Defendants enforced Plaintiff's administratively and illegally imposed term of PRS by incarcerating Plaintiff for violating PRS.

Defendants' argument that they could properly rely on Penal Law § 70.45 after *Earley I* and *Earley II* is difficult to square with the statutory text and cannot be reconciled with Second Circuit precedent.  Penal Law § 70.45 has not ever, on its face, stated that DOCS was authorized to administratively impose post-release supervision; thus the existence of a state law does not excuse Defendants from scrupulously following the federal Constitution.

Moreover, the Second Circuit has held that Defendants did not have a legitimate basis for failing to follow *Earley I*. In 2016, the Second Circuit found that "[t]he [same] three [D]efendants became aware of *Earley I*'s holding at different times," and noted that Defendant Annucci despite "immediately under[standing] *Earley I*'s holding [in 2006] . . . deliberately refused to change DOCS procedures to bring them into compliance."  *Betances II*, 837 F.3d at 167.  The *Betances II* court found that Defendant Fischer understood *Earley I*'s holding

4

but agreed with Defendant Annucci's decision not to follow it. *Id*. Defendant Tracy was also aware of and understood *Earley I* and decided not to follow it. Instead, Defendant Tracy "affirmatively decided to continue [the state agency's] former approach in contravention of *Earley I*." *Id*. at 168. Citing Defendants' depositions and testimony, the Second Circuit concluded that, in not making "an objectively reasonable effort to relieve plaintiffs of the burdens of those unlawfully imposed [PRS] terms after they knew it had been ruled that the imposition violated federal law," "[a]ll three [Defendants] confirmed that their noncompliance was not the result of oversight or confusion; they understood that *Earley I* required them to change their [unconstitutional] practices but affirmatively decided not to do so." *Id*. at 167-69; 172-74.

The Court finds that the Second Circuit's decisions in *Earley I*, *Earley II*, and *Betances* preclude Defendants from rearguing whether they had a reasonable legal basis for ignoring the Court's constitutional rulings. Nonetheless, Defendants' belated motion requests leave to "introduce evidence as to Penal Law § 70.45" (and its legislative history and subsequent amendments) "to provide evidence that they had no malicious intent and no callous disregard for not attempting, from June 2007 to February 2008, to send a letter to Plaintiff's

5

sentencing court to urge the court and the district attorney to correct the omission of PRS from Plaintiff's sentence." (ECF No. 198, Defendants' Brief on § Penal Law 70.45, at 3.) Defendants assert without citation to authority that "as a matter of due process" they should be permitted to submit all evidence of their state of mind. (*Id*. at 1, 4-5.) Notwithstanding Defendants' arguments, in holding that even evidence relevant to a defendant's state of mind may be excluded in a criminal case, the Supreme Court has instructed that "the proposition that the Due Process Clause guarantees the right to introduce all relevant evidence is simply indefensible." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (plurality opinion); *Lurie v. Wittner*, 228 F.3d 113, 133 (2d Cir. 2000) ("Even relevant testimony can be excluded, depending upon circumstances, without offending due process.").

Third, this Court does not find Penal Law § 70.45 to be relevant to Defendants' defense against punitive damages. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 (1983); *see Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106, 115 (2d Cir. 2015)

("The Supreme Court has explained that punitive damages are appropriate only 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 121 (2d Cir. 2006) ("The fact that the constitutional violation does not warrant an award of compensatory damages is not a basis for denying an award of punitive damages." (quoting *Robinson v. Cattaraugus County*, 147 F.3d 153, 161 (2d Cir. 1998)).

Plaintiff has not sought to argue that Defendants acted with "evil motive" or "malice" in violating Plaintiff's constitutional rights. (ECF No. 197, Plaintiff's Brief on Penal Law § 70.45, at 2) ("Plaintiff only needs to prove that Defendants acted recklessly disregarded [sic] Plaintiff's rights, or intentionally violated federal law (citing to *Smith* at 51)). Indeed, Defendants may testify that they did not act or fail to act with evil motive [or intent] or malice, but they may not invoke Penal Law § 70.45. The Court respectfully disagrees with Defendants' contention that admission of Penal Law § 70.45 is necessary or relevant to "defend against claims of malice or evil intent." (ECF No. 198, Defendants Brief on

7

Penal Law § 70.45 at 6.) Defendants fundamentally have failed to explain how Penal Law § 70.45 and their interpretation of that state statute provides a defense to what Plaintiff has asserted is Defendants' "reckless or callous indifference" to his federal constitutional rights. *Smith*, 461 U.S. at 56.

Fourth, even if Penal Law § 70.45 were relevant to Defendants' defense to punitive damages, which the Court concludes it is not, given the Plaintiff's punitive damages claim and the extensive record on Defendants' conduct, the Court concludes that it cannot allow Defendants "introduce evidence as to Penal Law § 70.45" under the balancing required by Federal Rule of Evidence 403. Any evidence that the parties seek to offer or exclude in their motions, even if relevant, is subject to the Court's balancing of its probative and prejudicial value, as provided in Federal Rule of Evidence 403. Rule 403 permits the exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts have broad discretion in making decisions under Rule 403's probative-prejudice balancing analysis. *See United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010) ("We review a district court's evidentiary

8

rulings deferentially, mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." (citing *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008)); *see also United States v. Dwyer*, 539 F.2d 924, 927 (2d Cir. 1976) ("In the balancing of probative value against unfair prejudice required by Rule 403, the trial judge has wide discretion[.]" (quotation omitted)).

Granting Defendants' broad and nebulous request to "introduce evidence as to Penal Law § 70.45" into this damages trial, after Defendants' liability (including causation) for their unconstitutional conduct has not only been extensively litigated, but also repeatedly determined by the Second Circuit, would undoubtedly open the floodgates to evidence that is irrelevant, would confuse the issues, mislead and confuse the jury, and unfairly prejudice the Plaintiff.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendants' overbroad and ill-defined request to "introduce evidence as to Penal Law § 70.45," its legislative history, and subsequent amendments at trial.

**SO ORDERED.**

Dated: November 25, 2022
Brooklyn, New York

_____/s/_____

Hon. Kiyo A. Matsumoto
United States District Judge