**Court Ex. 2**
**Jury Charge**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JESUS SANTIAGO

Plaintiff,

-against- 12-CV-2137(KAM)(SLT)

BRIAN FISCHER, INDIVIDUALLY AND AS COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, et al.,

Defendants.
-----------------------------------X

# JURY CHARGE

Court Ex. 2
Jury Charge

## TABLE OF CONTENTS

PART I: GENERAL RULES....4

1. Juror Attentiveness.... 4
2. Role of the Court.... 4
3. Role of the Jury.... 5
4. Conduct of Counsel.... 7
5. Jury to Disregard Court's View.... 8
6. Matters the Jury May Not Consider.... 9
7. Burden of Proof.... 11
8. Definition of Evidence.... 12
9. Direct and Circumstantial Evidence.... 14
10. Witness Credibility.... 15
11. Biased Witnesses.... 17
12. Interested Witnesses.... 17
13. No Duty to Call Witnesses or Produce Evidence.... 18

PART II: DAMAGES....19

A. The Statute: 42 U.S.C. § 1983.... 19
1. Damages Generally.... 21
a. Compensatory Damages.... 22
b. Punitive Damages.... 24
c. Nominal Damages.... 25
d. Mitigation of Damages.... 26

PART III: DELIBERATIONS ON DAMAGES....27

1. Selection of a Foreperson.... 27
2. Duty to Deliberate.... 27
3. Right to See Evidence.... 28
4. Communications with the Court.... 29
5. Communications with Others.... 29
6. Return of Verdict.... 30
7. Verdict Form.... 30
8. Conclusion.... 31

**Court Ex. 2**
**Jury Charge**

**KIYO A. MATSUMOTO, United States District Judge:**

**To the Members of the Jury:**

Now that the evidence on the plaintiff's claim for damages has been presented and the attorneys for the plaintiff and the defendants have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case. My instructions will be in three parts:

First: I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case and the way in which you are to review the evidence;

Second: I will instruct you on determining the plaintiff's damages claims in this case, which the plaintiff must prove by a preponderance of the evidence; and

Third: I will give you some general rules regarding your deliberations.

**Court Ex. 2**
**Jury Charge**

## PART I: GENERAL RULES

### 1. Juror Attentiveness

Please pay close attention during these instructions. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never lagged, and it is evident that you followed the testimony with close attention. I ask that you please now give me that same careful attention that you gave at trial as I instruct you.

### 2. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal

principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Please do not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

3. **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is

not evidence. What I may have said — or what I may say in these instructions — about a fact issue is not evidence.

The evidence before you consists of: 1) the answers given by witnesses — the testimony they gave, 2) the exhibits that were received in evidence, and 3) any agreements as known as stipulations, of the parties that were received into evidence.

Please bear in mind that a question put to a witness is never evidence. Only the answers are evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that, upon occasion, I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible

than any other witnesses. The court has no opinion as to the verdict you should render in this case.

As to the facts, members of the jury, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

### 4. Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Your verdict should be based on the facts that you find from the evidence admitted at trial, and the law as instructed by the court.

During the course of the trial, I may have had to admonish or direct an attorney at times. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks, and to admonish counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

5. **Jury to Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, based on the evidence, and in accordance with the rules of law which I give you.

In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has asked a question or has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. Do not be concerned with the reasons for any such rulings and do not draw any inferences from them. Whether evidence is admissible is purely a question of law in the province of the court and outside the province of the jury.

6. **Matters the Jury May Not Consider**

Your verdict must be based solely upon the evidence presented at this trial or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, or age. It would be equally improper for you to allow any feelings you might have about the nature of the damages claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

In this case, the defendants are state government officials who are involved with the criminal justice system and law enforcement. The mere fact that the defendants are government officials or involved with law enforcement and criminal justice does not mean they are entitled to any greater or lesser consideration by you. All litigants are equal before the law and are entitled to the same fair consideration as you would give any other party.

Similarly, under your oath as jurors, you are not to be swayed by fear or sympathy, or prejudice against a party. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of

evidence. Do not let fear, sympathy, or prejudice interfere with your clear thinking, because there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

7. **Burden of Proof**

This is a civil case and, as such, the plaintiff has the burden of proving the material aspects of his damages claims by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have offered them in evidence.

If you find that the credible evidence on a given issue is evenly divided between the plaintiff and the defendants — that it is equally probable that one side is right as it is that the other side is right — then you must

decide that issue against the plaintiff. That is because the plaintiff bears the burden of proof and must prove more than simple equality of evidence — the plaintiff must prove his claims for damages by a preponderance of the evidence. On the other hand, the plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff, then that element will have been proved by a preponderance of evidence.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

**8. Definition of Evidence**

You must determine the facts in this case based solely on the evidence or those inferences which can

reasonably be drawn from the evidence. I will now instruct you on what evidence is and how you should consider it.

As I previously indicated, evidence has been presented to you in the following forms:

a) Sworn testimony from witnesses on direct examination and cross examination. Again, I emphasize that it is the witness' answers that are evidence, not the questions asked by the lawyers or the court.

b) Exhibits that have been received in evidence by the court. If exhibits have been marked for identification, but have not been received in evidence, you may not consider the exhibit as evidence.

c) Stipulations of fact – an agreement among the parties that a certain fact is true. You must regard such facts as true.

The following are not evidence and are to be disregarded by you in deciding what the facts are.

a) Arguments, statements, or questions by the lawyers or myself.

b) Objections to the questions or the offered exhibits. However, if an objection was

overruled, treat the answer to that question or that testimony like any other answer.

c) Testimony that has been excluded, stricken, or that you have been instructed to disregard.

d) Anything I may have said or done is not evidence.

e) Anything you may have seen or heard outside the courtroom is not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

9. **Direct and Circumstantial Evidence**

I have told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. These forms of evidence fall into two categories - direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. The law does not distinguish between the weight, that is, the value, of direct evidence as opposed to circumstantial evidence. Nor is a greater degree of certainty required where something is to be proved by circumstantial evidence as opposed to direct evidence. You are to weigh all the evidence in the case, both direct and circumstantial.

**Direct evidence:** Direct evidence is physical evidence or testimony about a fact by an eyewitness or participant who testifies to knowing that fact through one of the five senses.

**Circumstantial evidence:** Circumstantial evidence is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. Based on facts that you find have been proven, you may draw such reasonable inferences or conclusions as seem justified in light of your experience and common sense. Whether a given inference should be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

In drawing inferences, you should exercise your common sense. There are times when different inferences may be drawn from different facts, whether they are proved by direct or circumstantial evidence. The plaintiff may ask you to draw one set of inferences, while the defendants may ask you to draw another. It is only for you, the jury, to decide what inferences you will draw from the facts which you decide have been proven.

## 10. Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable

each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which she or he testified; the accuracy of his or her memory; his or her candor or lack of candor; his or her intelligence; the reasonableness and probability of his or her testimony and its consistency or lack of consistency; and the testimony's corroboration or lack of corroboration with other credible testimony.

**11. Biased Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of hostility toward, or alliances which the witness may have with, one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with one of the parties.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**12. Interested Witnesses**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. For example, both plaintiff and defendants have an interest in prevailing at trial. An interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and

decide with great care whether and how much of the testimony to accept.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would testify truthfully. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

**13. No Duty to Call Witnesses or Produce Evidence**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case. You should not speculate about evidence that witnesses have mentioned but which has not been introduced in this case. You must disregard such references and decide the facts of this case based only on the evidence that has been submitted.

I will now turn to the second part of this charge and instruct you as to the types of damages you may award, if any, for the plaintiff's damages claims.

## PART II: DAMAGES

### A. The Statute: 42 U.S.C. § 1983

In this case, plaintiffs' claims against the defendants are brought under a federal statute, 42 U.S.C. § 1983, called "Section 1983." Section 1983 is a federal civil rights law that creates a federal remedy for persons who have been deprived by state officials of rights, privileges and immunities secured by the United States Constitution or laws of the United States. Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In this case, the plaintiff has already established, by a preponderance of the evidence, each of the following three elements of his Section 1983 claim:

First, that the act or acts complained of were committed by the defendant acting under color of state law;

Second, that the defendants' conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of injuries sustained by the plaintiff.

I stress again that each of the elements above have already been established against each of the defendants, and the defendants have been found to have violated the plaintiff's constitutional rights under Section 1983, by refusing to vacate the illegal post-release supervision, by refusing to ask a judge to resentence the plaintiff, and/or by enforcing the illegal post-release supervision against plaintiff which led to his re-incarceration, between June 12, 2007 to February 1, 2008, for violating PRS. As a result, the plaintiff seeks damages because he was incarcerated for violating an illegal term of post-release supervision between June 12, 2007 to February 1, 2008. You are to decide whether the plaintiff has proven that he suffered damages, whether he is entitled to damages, and the amount of damages, if any, for the plaintiff's alleged injuries that resulted from the defendants' violations of the plaintiff's constitutional rights.

1. **Damages Generally**

The fact that I am instructing you on how to award damages does not mean that I have any opinion on whether any of the defendants should pay damages in this case. I am instructing you about damages only so that you will have guidance if you decide that plaintiff is entitled to recover damages.

If you find that the plaintiff has proven that all of the defendants are responsible for his injuries, you may simply determine the overall total amount of damages for which the defendants are liable.

There are three defendants in this case and it does not follow that if you award damages against one defendant, the other defendants must also to pay damages. Each defendant is entitled to fair, separate, and individual consideration of the plaintiff's damages claim, without regard to your decision as to the other defendant. If you find, for example, that only one or two defendants are responsible for a particular injury, then you may impose damages for that injury only upon those defendants and determine the amount to be paid by each defendant.

Finally, one last reminder about the defendants. You must remember that the defendants in this case are individuals: The State of New York and its agencies are not

on trial. There is no claim here against New York State, the New York State Department of Correctional Services ("DOCS"), or the New York State Division of Parole ("Parole"). The defendants are being sued by plaintiff in their individual capacities. In order to consider the plaintiff's damages with respect to a defendant, you must find, by a preponderance of the evidence, that the defendant that you are deliberating about was responsible for the plaintiff's damages.

I will now define the types of damages you may award.

**a. Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which results from a defendant's violation of a plaintiff's rights. If you find that the defendant you are considering is liable for damages, as I have explained it, then you must award the plaintiff sufficient damages to compensate him for any injury proximately resulting from that defendant's conduct.

Compensatory damages seek to compensate the plaintiff for the damage he has suffered. This might include damages resulting from a plaintiff's physical injury, pain and suffering, mental anguish, shock, and

discomfort he has suffered as a result of a defendants' conduct.

You shall award compensatory damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence as to the specific defendant you are considering. Moreover, you may award compensatory damages only for those injuries which you find plaintiff has proven to have been the proximate result of conduct by the defendant in violation of Section 1983. That is, you may not simply award compensatory damages for any injury suffered by plaintiff--you may award compensatory damages only for those injuries that resulted from the conduct by the defendant that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Should you decide to award damages, computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a plaintiff prove the exact amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

**b. Punitive Damages**

Whether or not you award the plaintiff's compensatory damages, you may also, in your discretion, make an award of punitive damages.

You may, but are not required to, award punitive damages only if you find that a particular defendant's conduct (1) was motivated by evil motive or intent, or (2) the defendant's conduct involved reckless or callous indifference to the plaintiff's federal constitutional rights. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

The purposes of punitive damages are not to compensate plaintiffs but rather to punish defendants and to deter defendants and others from committing similar acts in the future. You should also consider whether compensatory damages standing alone are likely to deter or prevent a defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or

prevent other persons from performing wrongful acts similar to those a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider whether a particular defendant should pay punitive damages at all, and if so, the degree to which each particular defendant should be punished for his wrongful conduct, and the degree to which an amount of punitive damages will deter the defendant or others like him from committing wrongful acts in the future.

**c. Nominal Damages**

If you conclude that the only injury that the plaintiff suffered was the deprivation of his rights, without any physical, emotional, or financial damage, you must award nominal damages of one dollar. In other words, if you find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any compensatory or punitive damages, then you must return an award of damages in the sum of one dollar.

You must also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation

or guessing. You may not award both nominal damages and compensatory damages. If the plaintiff was measurably injured, you must award compensatory damages. Because the Second Circuit Court of Appeals has already found that the defendants' actions violated plaintiff's constitutional rights, if you then find that the plaintiff was not injured in any way by the defendants' violations of his constitutional rights, you must award nominal damages.

**d. Mitigation of Damages**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. You must determine whether the plaintiff could have done something, after the injurious conduct, to lessen the harm that he suffered. The burden is on the defendant to prove mitigation, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendant convinces you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would still have suffered even if he had taken appropriate action to reduce the harm done to him.

## PART III: DELIBERATIONS ON DAMAGES

Now that I have outlined for you the rules of law applicable to damages in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

### 1. Selection of a Foreperson

When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court, but his or her vote is not entitled to any greater weight than that of any other juror.

### 2. Duty to Deliberate

You will now retire to Courtroom 6B South to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to damages he may receive from each defendant, if at all, for defendants' violation of his constitutional rights. If you find that the plaintiff has succeeded in proving damages, you should return a verdict in plaintiff's favor. If you find that the plaintiff failed to sustain the burden of proving damages, you should return a verdict against the plaintiff and must award nominal damages for the constitutional violation.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a unanimous verdict. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a unanimous verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be supported by the evidence and in accordance with the truth and the law.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.

3. **Right to See Evidence**

During your deliberations you will have all of the exhibits in the jury room. If you want any of the testimony read back to you, may also request that. Please

remember that it is not always easy to locate the testimony you might want, so be as specific as you possibly can in requesting exhibits or portions of a witness's testimony.

**4. Communications with the Court**

Any communication with the court, including your requests for exhibits or testimony, should be made to me in writing, signed by your foreperson, and given to one of the court security officers. Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached. You will receive a copy of these instructions.

**5. Communications with Others**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, except among your fellow jurors in the jury room. You may not use any electronic device or media to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. This includes any phone or smart phone, any computer or tablet, any text or instant messaging service, any internet website or service, and any social media platform.

In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically

communicate with anyone about this case. You can only discuss the case in the jury room with all of your fellow jurors during deliberations.

**6. Return of Verdict**

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. Your foreperson will fill in a verdict sheet that has been given to you, sign and date it, and advise the officer outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, the verdict cannot ordinarily be revoked.

**7. Verdict Form**

Damages in this case will be decided based on the answers that you give to the questions that will be submitted to you. I have prepared a verdict form for you to use in recording your decision. Each of the questions asked calls for an answer. There are also spaces to indicate your verdict on each of the plaintiff's damages

claims against each defendant. You must return a verdict on each defendant.

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

When you have answered all the questions that require answers, report to the court. Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

**8. Conclusion**

I know you will try the issues that have been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issues in this case and render a true verdict. If you follow that oath, and try the issues without fear, prejudice, bias, or sympathy, you will arrive at a true and just verdict.