**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

---

May 29, 2026

**BY ECF**
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

      **Re:** *Jesus Santiago v. Fischer, et al.* (12-cv-2137) (KAM) (SLT)

Dear Judge Matsumoto:

      This Office represents defendant Department of Corrections and Community Supervision ("DOCCS") officials Brian Fischer, Anthony Annucci, and Terrence Tracy ("Defendants") in the above-referenced 42. U.S.C. § 1983 action arising out of post-release supervision ("PRS"), which was recently remanded by the United States Court of Appeals for the Second Circuit for further proceedings, including, *inter alia*, "any renewed motion for summary judgment," as appropriate for the issues remaining in the case. *See Santiago v. Fischer*, 158 F. 4th 397, 414 (2d Cir. 2025).

      Pursuant to the Court's Individual Rules, III (B) (1), (2), and 4(a) and (b), as well as III (C) (1) (b), the Order of the Hon Steve L. Tiscione, dated April 30, 2026 (ECF #263), and the Order of the Hon. Kiyo A. Matsumoto, dated May 28, 2026, I submit this letter seeking leave to file a motion for summary judgment consistent with the Second Circuit decision, and setting forth the bases for Defendants' proposed summary judgment motion pursuant to Fed. R. Civ. P. 56, seeking to dismiss certain claims asserted by Plaintiff Jesus Santiago ("Plaintiff"). Additionally, Defendants respectfully request that any pre-trial submissions, currently set to be filed on June 30, 2026, be stayed pending resolution of Defendants' anticipated motion.

      Plaintiff's remaining claims are for damages allegedly caused by Defendants for their "purported constitutional violation of enforcing a term of [PRS] that was not pronounced by [his] state [sentencing] court in 2002." *Santiago*, 158 F. 4th at 406. Specifically, Plaintiff alleges that, in violation of *Earley v. Murray*, 451 F.3d 71, 76 (2d Cir. 2006), Defendants unlawfully subjected him to PRS that his sentencing court had not pronounced during two different periods of time. For the first period of time, from June 12, 2007, to February 1, 2008, this Court found Defendants liable upon summary judgment on September 30, 2017. *Santiago v. Cuomo*, No. 12-cv-2037, 2017 WL 11929991, at *10, 13 (E.D.N.Y. Sept. 30, 2017); *Santiago v. Fischer*, 158 F. 4th at 402-06. For the second period of time, from September 2010 to December 2010, this Court granted Defendants qualified immunity. *See id.*

After Defendants were found liable for due process violations for the 2007-2008 period in which Plaintiff was in their custody, on grounds that they did not take steps to relieve him of PRS during that time, *see Santiago*, 2017 WL 11929991 at *10, 13, the parties proceeded to a trial on damages, in which a jury awarded Plaintiff $100,000 in compensatory damages, and $750,000 in punitive damages. *See* ECF #209; *Santiago,* 158 F. 4th at 408. Defendants appealed from the judgment, and the Second Circuit vacated the judgment as to the 2007 to 2008 period, remanding for reconsideration, on grounds that, at trial, Plaintiff was not held to "'his burden of proving the extent to which he is entitled to compensatory damages,'" because evidence of impediments Defendants faced in relieving him of PRS, was excluded. *Id.*, at 410, citing *Vincent v. Annucci* (*Vincent II*), 63 F. 4th 145, 152, 155 (2d Cir. 2023). The Second Circuit also reversed the grant of qualified immunity to Defendants for the 2010 period, based on *Hassell v. Fischer*, 879 F.3d 41, 51 (2d Cir. 2018), and *Betances v. Fischer*, 837 F.3d 162, 172 (2d Cir. 2016). In remanding, however, the Circuit held that the same issues giving rise to Defendants' arguments for qualified immunity are "relevant to any renewed motion for summary judgment with respect to liability," which would "allow the district court to consider on any such motion, the effect that evidence of impediments [Defendants faced in relieving Plaintiff of PRS] may have on the defendants' defense to liability for that period." *Id.* at 414.

## ARGUMENT

### A. Summary Judgment Is Warranted For Defendants Regarding The 2010 Period of PRS As The Requirements of Correction Law Caused Plaintiff's Continued PRS Incarceration

The Second Circuit in this case, in vacating the grant of qualified immunity to Defendants for the 2010 period, invited reconsidering whether Defendants could be liable at all for enforcing PRS at a time when they were bound to adhere to the remedial legislation, Correction Law § 601-d, enacted in June 2008, just weeks after the State Court of Appeals held in *People v. Sparber*, 10 N.Y.3d 457, 471 (2008), that "'[t]he sole remedy for a procedural error such as [unpronounced PRS] is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement.'" *Santiago*, 158 F. 4th at 405. Correction Law § 601-d provided DOCS and the Division of Parole, for the first time, the authority to initiate resentencings, requiring the agencies, whenever an individual in custody or under supervision appeared to the agency to have a period of PRS that a judge did not pronounce, to refer the individual to the sentencing court for a hearing, and await a superseding commitment after a proper resentencing, with or without PRS. *See id.* Defendants were not free to release Plaintiff in September 2010 when he was returned from federal prison to their custody until after the § 601-d process concluded. It is undisputed that they initiated the newly-authorized resentencing process, by sending a letter, dated September 27, , 2010, to Plaintiff's sentencing court, and then waited for the proceedings to take their course, and then, upon receiving an order from the sentencing court authorizing Plaintiff's release, Defendants released him. *See* Defendants' Proposed 2026 Statement Pursuant to Local Rule 56.1 ("56.1"), ¶¶ 51-54. Defendants were not the cause of Plaintiff's continued incarceration in 2010, and accordingly are entitled to summary judgment on liability for that period of time.

### B. Summary Judgment Is Warranted for Defendants for the 2007-2008 Period of PRS As Plaintiff Cannot Prove Causation Sufficient for An Award of Compensatory Damages

The Second Circuit in *Santiago* held that Plaintiff must be held to "'his burden of proving the extent to which he is entitled to compensatory damages,'" because evidence of impediments

Defendants faced in relieving him of PRS, would relieve Defendants of responsibility for his damages. *Santiago,* 158 F. 4th at 408-410, citing *Vincent II*, 63 F. 4th at 152, 155. First, the Circuit confirmed that Defendants could not have unilaterally excised Santiago's unpronounced PRS term after *Earley*, and lacked legal authority to refer cases to State courts to resolve PRS until after Plaintiff again absconded from supervision in February 2008, when the New York Legislature in June 2008 amended State law to authorize Defendants to make referrals and to allow sentencing courts to resentence referred individuals with or without their mandatory PRS terms. *Santiago*, 158 F.4th at 404-05. Second, Defendants, as the record shows, neither DOCS nor Parole had Plaintiff's sentencing minutes, and thus could not confirm that his sentence was flawed. *See* 56.1, ¶ 54. Finally, even if Defendants' agencies had Plaintiff's sentencing minutes, they needed the participation of state courts and prosecuting district attorneys to correct his sentence. The district attorney in Santiago's case opposed resentencings and maintained that *Earley* was wrongly decided. See 56.1, ¶¶ 15-18. What is more, State courts also disagreed with *Earley*. *See* e. g., *People v. Hill*, 9 N.Y. 2d 189 (2007). As the Circuit instructed, the impediments set forth above break the chain of causation linking damages to Defendants. *See Santiago*, 158 F. 4th at 409-10. Defendants were not the cause of the failure to effect Plaintiff's resentencing in the 2007-2008 period, and as a matter of law he is not entitled to compensatory damages for that period, given the impediments Defendants faced, and he should be limited to nominal damages. *See*, *e. g.*, *Rentas v. Ruffin*, 816 F.3d 214, 223 (2d Cir. 2016) (if the adverse outcome had resulted, notwithstanding wrongful conduct, a plaintiff is entitled only to nominal damages).

### C.  Plaintiff's Claims for Punitive Damages Should Be Dismissed

In this case, the Second Circuit held that "[a] procedural due process violation will not justify punitive damages absent 'evidence of the sort of egregious behavior that would warrant such damages." *Santiago*, 158 F. 4th at 410 citing *Kim v. Hurston*, 18 F.3d 113, 121 (2d Cir. 1999). Here, "[n]o direct evidence was presented at trial of malicious intent or evil motive," *id.*, and delay in seeking resentencing alone is not enough to warrant punitive damages, given the impediments Defendants faced. *Id.*, at 411. Accordingly, claims for punitive damages should be dismissed.

### Proposed Briefing Schedule

Defendants propose that their motion be served, pursuant to the Court's individual rules, by June 30, 2026, Plaintiff's opposition be served by July 30, 2026, and Defendants' reply be served, and all papers filed, by August 15, 2026.

Finally, Defendants propose that pre-trial submissions as to any remaining claims be deferred until after the motion for summary judgment is decided, as resolution of Defendants' motion may limit the issues or render most, if not all, of Plaintiff's claims for damages moot.

/s
_____
Michael J. Keane
Assistant Attorney General
Office of the Attorney General
28 Liberty Street, 18th Floor
New York, New York 10005
(212) 416-8550
michael.keane@ag.ny.gov

cc:

Hon. Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

Jesus Santiago
10807 Gambril Drive, Apt. #12
Manassas, VA 20109
streamv82@gmail.com

Jesus Santiago
605 Sunset Lane, Unit #D
Copperas Cove, TX 76522
streamv82@gmail.com